IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            No. 21-MJ-713 GBW

JOHN BENJAMIN THORNTON,

    Defendant.

## DEFENDANT'S RESPONSE IN OPPOSITION TO UNITED STATES' SEALED MOTION FOR COMPETENCY HEARING AND PSYCHOLOGICAL/PSYCHIATRIC EVALUATION

Defendant John Benjamin Thornton, through his attorney, Assistant Federal Public Defender Bernadette Sedillo, respectfully submits this response in opposition to the government's Sealed Motion for Competency Hearing and Psychological/Psychiatric Evaluation (Doc. 14).

The government has filed a motion to determine Mr. Thornton's mental competency contending that he has exuded erratic behavior and discussed his belief regarding a terrorist organization that manipulates methamphetamine users by creating a psychosis in them through the use of superconductive quantum kinetics. The government asserts that this is a topic that is consistent with someone suffering from a mental illness. The government further asserts that at two hearings Mr. Thornton spoke out of turn.

Pursuant to 18 U.S.C. § 4241(a), the court shall grant a motion for a hearing to determine competency if there is reasonable cause to believe that the defendant may

presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Defense counsel does not know whether Mr. Thornton is suffering from a mental disease or defect.  However, suffering from a mental disorder or defect rarely makes an individual legally incompetent.  The competency standard of 18 U.S.C. § 4241(a) stems on whether a mental defect makes the defendant unable to understand the nature and consequences of the proceeds against him, or whether a mental defect makes the defendant unable to assist properly in his defense.

In this case, defense counsel has had personal contact with Mr. Thornton to discuss his charge and has no reason to believe that he does not understand the nature of the charge, and the consequences of the proceedings against him.  He is fully aware that he is charged with the criminal offense of transmitting in interstate commerce communications containing any threats to injure the person of another.  He is fully aware that the charge is because of the text messages that he is alleged to have sent to his ex-wife and father.  He can explain the reasoning and circumstances of the alleged texts to defense counsel.  He is able to ask defense counsel questions, and to suggest areas of investigation in his defense.  He is fully aware of the consequences of the charges against him and understands that the government is trying to incarcerate him for the charges, and has in fact incarcerated him for the alleged texts.

Mr. Thornton is extremely focused on due process, and is aware of his right to due process.  He understands the players in the courtroom, and their functions.  At the preliminary hearing and the detention hearing where Mr. Thornton tried to interject some

statements, he was told not to intervene, and he thereafter complied. It is important to note that at each of the hearings, Mr. Thornton was participating only by phone, and not video, due to being in quarantine status. Thus, he did not have a visual of the hearing and did not have direct access to his attorney so it is easy to understand that when he wanted to interject something, he may have interrupted when not appropriate. He is certainly not the first defendant to try to interject statements at hearings. In any event, he was thereafter compliant with instructions not to intervene. Thus, defense counsel does not agree that there is a basis for alleging that he is not legally competent and submits that the government has submitted an insufficient factual basis to meet the standard of 18 U.S.C. § 4241(a).

The Tenth Circuit has held that a competency examination is not required in the absence of a sufficient factual basis for the motion, or a lack of good faith in making the motion. *See United States v. Ramirez*, 304 F.3d 1033, 1035 (10th Cir. 2002) ("Absent findings of an insufficient factual basis for a § 4241(a) motion, or a lack of good faith in making the motion, a competency evaluation is required."). Thus, a motion to determine competency may be denied if it is unsupported by a sufficient factual basis.

If at any point, defense counsel believes that Mr. Thornton does not understand the charges against him or is unable to assist properly in is defense, she will file a motion to determine competency.

WHEREFORE, for the reasoning stated herein, Mr. Thornton respectfully requests that the Court deny the Unites States' motion for a competency hearing and psychological/psychiatric evaluation.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S. Main Street, Suite 400
Las Cruces, New Mexico 88001
(575) 527-6930

*Electronically filed June 23. 2021*

By: */s/ Bernadette Sedillo*
BERNADETTE SEDILLO
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2021 I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Marisa Ong
Assistant United States Attorney
200 N. Church St.
Las Cruces, New Mexico 88001

*Electronically filed 06/23/2021*
By: /s/ Bernadette Sedillo
BERNADETTE SEDILLO
Assistant Federal Public Defender