IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. Case No. 21-cr-00878-KG |
| | ) | |
| **JOHN BENJAMIN THORNTON**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' REPLY TO MOTION FOR COMPETENCY HEARING AND PSYCHOLOGICAL/PSYCHIATRIC EVALUATION

The United States hereby replies to Defendant John Benjamin Thornton's Response to the United States' Motion for Competency Hearing and Psychological/Psychiatric Evaluation. Thornton's counsel alleges a hearing regarding Thornton's competency is not necessary because, *inter alia*, counsel has had contact with Thornton and "has no reason to believe that he does not understand the nature of the charge, and the consequences of the proceedings against him." Doc. 16 at 2. The United States does not minimize this representation by counsel and acknowledges that defense counsel is in a more unique position to assess Thornton's current understanding of the criminal proceedings against him. *See Lay v. Royal*, 860 F.3d 1307, 1314 (10th Cir. 2017) (quoting *Drope v. Missouri*, 420 U.S. 162, 177 n.13 (1975)) ("Defense counsel's assessment of the defendant's competence 'is unquestionably a factor which should be considered.'"). However, despite these representations, there is still a sufficient factual basis for the motion. *See United States v. Ramirez*, 304 F.3d 1033, 1035 (10th Cir. 2002).

Specifically, Thornton has exhibited erratic behavior and referred to beliefs that appear to be delusional. Though undersigned counsel is not a licensed psychologist, it naturally follows that someone who suffers from delusions may have a difficult time comprehending the legal

1

system in the meaningful way necessary to proceed to trial. For example, undersigned counsel handled a prosecution against *Rocco Tinoco*, 15-cr-01703-DN (D.N.M 2016). In that case, Tinoco was charged with making various threats against Border Patrol agents and other individuals. Like Thornton, Tinoco had exhibited irrational behavior leading up the charges, during the charged conduct, and also spoke out of turn at some of the preliminary proceedings against him. The United States moved to have Tinoco evaluated at the local level prior to a requested competency hearing. Doc. 45. Tinoco's attorney was a very experienced federal public defender—just like Thornton's counsel here—and objected to the evaluation. Doc. 53. The Court ultimately granted the United States request. *See* Doc. 54. After being evaluated by a professional locally, the evaluation came back that Tinoco did NOT understand the legal proceedings against him and he was deemed incompetent at that time.[1]

Here, the United States has the same concerns that it did in the Tinoco case. This is not to say that every defendant charged with crimes involving threats is incompetent, but simply that Thornton's behavior and demonstrated delusions are sufficient to warrant a local evaluation to ensure that he is in fact competent. Accordingly, the United States requests the Court grant its motion and order a local evaluation of Thornton.

---

[1] Tinoco was sent to Butner to regain competency, which he ultimately did. The prosecution was then referred to the District of Arizona because some of the charges against Tinoco dealt with threats made to a local United States Magistrate Judge.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

***Electronically filed 06/25/2021***
MARISA A. ONG
Assistant United States Attorney
200 N. Church St.
Las Cruces, NM  88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.
***Electronically Filed 06/25/2021***
MARISA A. ONG
Assistant U.S. Attorney