IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    Case No. 21-cr-878 KG[1]

JOHN BENJAMIN THORNTON,

Defendant.

## ORDER DENYING UNITED STATES' MOTION FOR COMPETENCY HEARING AND PSYCHOLOGICAL/PSYCHIATRIC EVALUATION

THIS MATTER comes before the Court on United States' Motion for Competency Hearing and Psychological/Psychiatric Evaluation (*doc. 14*).  Having reviewed the motion and the attendant briefing (*docs. 16, 20*) and being fully advised in the premises, the Court will deny the motion.

A defendant or the government may file a motion for a competency hearing at any time before sentencing.  *See* 18 U.S.C. § 4241(a).  "The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  *Id*.

---

[1] At time of filing, the case number was 21-mj-713 GBW.

To assist the Court at the hearing, the Court may order a psychiatric or psychological

evaluation of the defendant be conducted and that a report be filed with the court

before the hearing.  *See* 18 U.S.C. § 4241(b).

In support of its motion, the United States points to Defendant's alleged conduct

surrounding the charges and his behavior in court.  Defendant opposes the motion and

defense counsel avers that Defendant understands the charges against him and is

assisting in his defense.  In deciding whether there is "reasonable cause to believe that

the defendant may presently be suffering from a mental disease or defect rendering him

mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense," the

Court has three categories of considerations in the instant case: the charged conduct,

defense counsel's representations about her interactions with Defendant, and

Defendant's behavior in court.

As noted by the United States, the allegations regarding Defendant's conduct

which led to the instant charges justifiably raise initial concerns about Defendant's

competence.  Thornton has been charged with making threats via text message to his

ex-wife and a family member, in violation of 18 U.S.C. § 875(c).  *Doc. 1*.  The complaint

alleges that on May 18, 2021, Thornton sent a series of text messages to various

individuals where he threatened, inter alia, to execute them.  *Id*.  In one of the text

messages sent to his ex-wife, Thornton allegedly stated, "I'm killing them for

Superconductive Quantum Tunneling into the Brainwaves of Methamphetamine users,

globally. mk ultra, b it's Methamphetamine Kinetics Superconducted." *Id*.

Additionally, when Defendant was arrested, he was interviewed by FBI agents. *Doc. 14*

at 1. During that interview, Thornton allegedly stated that "he was previously

employed as a Biomedical Equipment Technician with the Department of Defense." *Id*.

He allegedly explained that "his purpose is to expose MK ULTRA which is led by James

R. Bath, with whom he had a personal relationship." *Id*. at 1-2. Thornton allegedly

claimed that, "on February 14, 2016, he was with Bath and others in which Mr. Bath

provided information to Thornton regarding MK ULTRA which is a company run out

of Canada by the name of D-Wave." *Id*. at 2. Thornton allegedly claimed that "this is a

terrorist organization which utilizes methamphetamine users by tunneling into the

brainwaves using a squid dilution system (SQUID) and creating a psychosis in which a

person can be manipulated." *Id*. Of course, the alleged texts and statements raise the

specter of a mental disease or defect. But the Court must find reasonable cause to

believe that any such disease or defect renders Defendant mentally incompetent to the

extent that he is unable to understand the nature and consequences of the proceedings

against him or to assist properly in his defense. None of the alleged texts or statements

directly relate to one's understanding of judicial proceedings, although the Court

recognizes delusional beliefs certainly could impair one's ability to assist in the defense.

On this point, defense counsel's representations are particularly salient.  Counsel

submits that she:

> has had personal contact with Mr. Thornton to discuss his charge and has
> no reason to believe that he does not understand the nature of the charge,
> and the consequences of the proceedings against him.  He is fully aware
> that he is charged with the criminal offense of transmitting in interstate
> commerce communications containing any threats to injure the person of
> another.  He is fully aware that the charge is because of the text messages
> that he is alleged to have sent to his ex-wife and father.  He can explain
> the reasoning and circumstances of the alleged texts to defense counsel.
> He is able to ask defense counsel questions, and to suggest areas of
> investigation in his defense.  He is fully aware of the consequences of the
> charges against him and understands that the government is trying to
> incarcerate him for the charges, and has in fact incarcerated him for the
> alleged texts.  [He] is extremely focused on due process, and is aware of
> his right to due process.  He understands the players in the courtroom,
> and their functions.

While these conclusions by counsel are not dispositive, "[d]efense counsel's assessment

of the defendant's competence 'is unquestionably a factor which should be

considered.'"  *Lay v. Royal*, 860 F.3d 1307, 1314 (10th Cir. 2017) (quoting *Drope v.*

*Missouri*, 420 U.S. 162, 177 n.13 (1975)).  In fact, on the question of a defendant's ability

to assist in their defense, defense counsel is uniquely positioned to assess the matter.

The final category to consider is Defendant's behavior in court.  The United

States points to "at least two times in preliminary proceedings in front of both Judge

Wormuth and Judge Garza when Defendant spoke out of turn and each judge had to

instruct Defendant not to talk over people."  *Doc. 14* at 3.  Indeed, inappropriate

behavior in court could suggest a lack of understanding of the proceedings or the roles

of the participants.  In this case, however, Defendant's interruptions do not support this

inference.  First, the Court notes that, in the relevant proceedings, Defendant was

appearing only by telephone due to quarantine requirements.  Consequently, he lacked

the in-person and visual cues which assist laypeople in comprehending the appropriate

time to communicate.  Moreover, other than speaking up on the phone line, Defendant

lacked any avenue to communicate with his counsel.  Notably, Defendant committed no

inappropriate interruptions at his initial appearance which he appeared by both audio

and video.  Lastly, in the occasion that occurred before the undersigned, Defendant

appropriately responded when advised by his counsel that he should remain silent.  In

fact, at that preliminary hearing, the Court extensively interacted with Defendant

regarding whether he wished to proceed with the evidentiary hearing notwithstanding

that he was limited to a telephonic appearance.[2]  Defendant's answers were appropriate

and demonstrated a full understanding of the pros and cons of proceeding under the

circumstances.

In conclusion, the Court does not doubt the good faith of the United States'

motion given Defendant's alleged conduct described in the Complaint and in the law

enforcement interview.  While the alleged conduct is troubling, when weighed with the

totality of the relevant evidence it does not establish "reasonable cause to believe that

---

[2] Until just before the preliminary hearing, it was expected that the Defendant would have both an audio and video connection to the remote hearing.

the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

**WHEREFORE,** the Court DENIES United States' Motion for Competency Hearing and Psychological/Psychiatric Evaluation (*doc. 14*).  The denial is without prejudice such that should additional information bearing on the matter come to the attention of the United States or defense counsel, the issue can be again raised pursuant to 18 U.S.C. § 4241(a).  The Court further DENIES the Sealed Motion to Seal United States' Motion for Competency Hearing and Psychological/Psychiatric Evaluation (*doc. 13*).  Having reviewed the motion and the attendant briefing, the documents reference only matters contained in the publicly-filed criminal complaint or matters which do not otherwise implicate "Defendant's privacy interests."  The Clerk of Court shall unseal *docs. 13, 14, 15, 16,* and *20.*

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

6