IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 21-cr-00878-KG |
| ) | |
| vs. ) | |
| ) | |
| JOHN BENJAMIN THORNTON, ) | |
| ) | |
| Defendant. ) | |

**OPPOSED MOTION FOR CONTINUANCE**

The United States herby moves the Court for a thirty-day continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) and requests the Court set this case for trial to begin either October 12, 2021, or October 18, 2021. Defendant John Benjamin Thornton ("Thornton") opposes this motion.

**BACKGROUND**

Thornton was arrested on May 24, 2021, for making threats online and via text message. Doc. 1. On May 28, 2021, the Court held a preliminary hearing and found probable cause existed that Thornton had committed the crimes charged. See Doc. 7. Thornton was ordered detained pending resolution of his case on June 3, 2021. Doc. 11. On June 15, 2021, the United States filed an opposed motion for local evaluation to determine competency. Doc. 14. After briefing from the parties, Judge Wormuth ultimately denied the motion on July 27, 2021. Doc. 22. Prior to that, Thornton had been indicted by a federal grand jury on June 23, 2021. Doc. 19. Thornton was charged with three counts of making threats in interstate commerce, in violation of 18 U.S.C. § 875(c). *Id*. The indictment alleged threats were made against two different victims: John and Jane Doe. *Id*.

On August 9, 2021, the United States extended a Rule 11(c)(1)(C) plea offer to Thornton. When the offer was made, the United States informed defense counsel that if Thornton rejected the offer and elected to go to trial, the United States intended to seek a superseding indictment from the grand jury. The United States was not able to bring the new contemplated charges when Thornton was originally indicted because the new charges stemmed from new evidence obtained in response to a Facebook search warrant, as well as forensic review of Thornton's cell phone. On August 19, 2021, defense counsel informed the United States that Thornton did not intend to take the offer. During that conversation, the parties discussed setting up a reverse proffer[1] and agreeing to a thirty-day continuance. On August 25, 2021, defense counsel informed undersigned counsel that Thornton did not wish to participate in the reverse proffer and that he (Thornton) opposed any continuance of the case moving forward. That same day, the Court held a Call of the Calendar hearing where the information above was relayed to the Court.

## REQUEST FOR CONTINUANCE

The United States is seeking a continuance of any trial in September so that it may present a superseding indictment to the next available grand jury in Las Cruces, which is not meeting until the week of September 20. Indeed, this case has progressed very quickly through the criminal justice system, and the United States did not seek a superseding indictment in July or August because of the pending motion to determine competency and then the plea offer that had been extended. The United States intends to seek a superseding indictment from the grand jury that may contain additional counts pertaining to the current victims in the case, John and Jane Doe, as well as up to other potential victims. The United States seeks a brief continuance of one month so that these counts can be added at the next available Las Cruces grand jury.

---

[1] A reverse proffer involves a meeting between the attorneys and the defendant and the prosecution laying out for the defendant the evidence it has and would introduce at a trial.

I. <u>Joinder of Additional Counts and Victims</u>

Under Federal Rule of Criminal Procedure 8(a), "[an] indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  The Tenth Circuit has urged that "Court[s] should construe 'Rule 8 . . . broadly to allow liberal joinder to enhance the efficiency of the judicial system.'"  *United States v. Bagby*, 696 F.3d 1074, 1086 (10th Cir.2012) (omissions in original) (quoting *United States v. Price*, 265 F.3d 1097, 1105 (10th Cir.2001)).  Here, Thornton is currently charged with making threats in interstate commerce, in violation of 18 U.S.C. § 875(c).  The new anticipated charges would all also be violations of 18 U.S.C. § 875(c).  Moreover, some of the additional counts may involve the same victims.  Thus, the new charges are of "the same character" and constitute parts of "a common scheme or plan."  Fed.R.Crim.P. 8(a).  Moreover, were this case to proceed to trial before September 22, 2021, and then a new Indictment be issued, many of the same witnesses would be called for both trials.  This would require a huge waste of judicial resources to try essentially the same case with the same defendant and same victims month within one month of each other.  Finally, all of the victims in the case will have to travel to Las Cruces from out of state.  Accordingly, the addition of the new counts weigh in favor on granting a continuance.

II. <u>Thornton's Rights under the Speedy Trial Act</u>

Under 18 U.S.C. § 3161(c)(1), "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment."  Additionally, "[a]ny period of delay resulting from . . ." "any pretrial motion,

from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is "excluded . . . in computing the time within which the trial of any such offense must commence."  18 U.S.C. § 3161(h)(1)(D).

Here, Thornton was charged by Indictment on June 23, 2021.  At the time the Indictment was filed, there was a pending motion for a local evaluation to determine competency.  That motion was not resolved until July 27, 2021.  Thus, the time to start counting the trial clock in Thornton's case did not begin until that date.  *See* 18 U.S.C. § 3161(h)(1)(D).  To date, twenty-nine days of the speedy trial clock has elapsed.  In fact, even if no continuance is granted, and no other motions are filed in this case, the Court could still set Thornton for trial to begin on October 12, 2021, and not run afoul to the time limits set out in 18 U.S.C. § 3161(c)(1).[2]

In any event, the United States anticipates filing at least one motion *in limine* in this case.  Once that motion is filed, the clock will again be tolled.  *See* 18 U.S.C. § 3161(h)(1)(D).

### III. Factors for the Court to Consider

The Tenth Circuit has made clear that in order for the Court to grant a continuance under 18 U.S.C. § 3161(h)(7)(A)—commonly referred to as an "ends-of-justice" continuance—the district court must "set [ ] forth, in the record of the case, . . . its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and consider the four factors set forth in 18 U.S.C § 3161(h)(7)(B)(i)-(iv).  *United States v. Watson*, 766 F.3d 1219, 1229 (10th Cir. 2014).  The court, however, is not "require[d] . . .to address those factors that do not apply." *United States v. Occhipinti*, 998 F.2d 791, 798 (10th Cir. 1993).  Here, the United States believes

---

[2] Technically, the seventy-five-day clock runs on October 11, 2021.  However, that is a federal holiday.

the applicable factor for consideration is under 18 U.S.C § 3161(h)(7)(B)(iv).  That section reads:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, *or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence*.

*Id*. (emphasis added).

Here, if the Court denies the United States' request for a continuance, the government will be prejudiced regarding the time necessary for effective preparation.  Indeed, the United States has been exercising due diligence in moving this case forward.  As noted above, the reason Thornton was not originally charged with the additional counts the United States intends bring is because the United States needed to obtain a search warrant and wait for a return of that warrant from Facebook.  That evidence was not in the United States' possession when the original indictment was issued on June 23, 2021.  In July, the United States was waiting to see what the disposition of its motion to determine competency would be.  By the time Judge Wormuth issued his decision denying the motion, the grand jury for June had already convened.

Then, in August, the United States sent a Rule 11(c)(1)(C) plea agreement for Thornton to consider.  Part of the terms of that agreement was that the United States would not bring additional charges against Thornton.  Accordingly, the United States did not arrange to seek a superseding indictment at that time, in effort to give Thornton time to consider the offer.  Now that the United States is aware Thornton wishes to exercise his right to trial, it is working diligently to move the case forward, but additional time is necessary to ensure there is not a need to try Thornton in two separate trials.  Accordingly, the Court should grant the United States request.

# CONCLUSION

For all the reasons stated above, the Court should grant the United States motion and set this matter for trial to begin either October 12 or 18, 2021.

                Respectfully submitted,
                FRED J. FEDERICI
                Acting United States Attorney

                ***Electronically filed 8/26/2021***
                MARISA A. ONG
                Assistant United States Attorney
                200 N. Church St.
                Las Cruces, NM 88001
                (575) 522-2304

I HEREBY CERTIFY that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to opposing counsel of record on this date.

*Electronically filed on 8/26/21*
MARISA A. ONG
Assistant United States Attorney