IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                  Crim No. 21-cr-878-KG

JOHN BENJAMIN THORNTON,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff United States' Motion to Continue, filed August 26, 2021.  (Doc. 28).  Defendant filed a response in opposition on September 1, 2021. (Doc. 32).  Having considered the Motion to Continue, the response, and applicable law, the Court denies the Motion.

The United States requests a continuance for the purpose of presenting a superseding indictment to the next available grand jury.  The government argues a continuance is in the interest of judicial efficiency and the need to effectively prepare for trial. Defendant asserts his rights pursuant to the Speedy Trial Act. 18 U.S.C § 3161(c)(1).  The government alternatively argues the trial could be scheduled as late as October 12, 2021, without a continuance and without violating the Act.

*A.  The Speedy Trial Act*

The Sixth Amendment guarantees a right to a speedy trial.  The Speedy Trial Act codifies that right with specific limits. 18 U.S.C. § 3161 et seq.  Most relevant here, the Act requires that a trial commences within 70 days from a criminal defendant's first appearance or indictment,

whichever date last occurs. 18 U.S.C. § 3161(c)(1).  The Act, however, allows certain excludable delays during which the 70-day clock is tolled.

This court applies the applicable exclusions to determine when Defendant's Speedy Trial Act right accrues before analyzing the specific exclusion at issue in the request to continue.

*1. Defendant's 70-Day Deadline*

This court finds that October 1, 2021, is the deadline for holding defendant's trial. Defendant is in custody and has been since his arrest on May 24, 2021.  Defendant made his first appearance at a preliminary hearing on May 28, 2021.  The United States filed the indictment June 23, 2021, triggering Defendant's 70-day clock. *See* 18 U.S.C § 3161(c)(1).

As the government argues, however, an exclusion applies for the then-pending Motion for Psychiatric Exam filed June 15, 2021, and denied July 27, 2021, by Judge Wormuth. (Docs. 14, 21).  The government argues the entire period during which the Motion was under consideration is excluded from the 70-day count.  This Court disagrees.

In relevant part, the Act states that delays are excluded for:

(D) delay resulting from any pretrial motion, from the filing of the motion through the

conclusion of the hearing on, or other prompt disposition of, such motion;

… and

(H) delay reasonably attributable to any period, *not to exceed thirty days*, during which

any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1)(D), (H) (emphasis added).

At issue here is whether the Motion for Psychiatric Exam tolled the speedy trial clock for more than 30 days.  The Supreme Court interpreted the Act in *Henderson v. United States* and found that Subsection H acts as a limit on all motions which do not require a hearing, setting a

30-day maximum on the excludable time while the court takes a motion under advisement. 476 U.S. 321, 329, 106 S.Ct. 1871 (1986).

Because the Motion for Psychiatric Exam did not require a hearing, this Court concludes the speedy trial clock is tolled for 30 days, though it was under consideration longer. Therefore, Defendant's 70-day clock effectively started running July 23, 2021. As no other exclusions apply, the outer limit to begin trial respecting Defendant's speedy trial rights is October 1, 2021.

### 2. Request for Continuance

The United States seeks to set trial for October 12 or 18, 2021. As those dates are after the Speedy Trial Act deadline, to do so would require suspending Defendant's 70-day clock.

The speedy trial clock may be tolled when a court grants a continuance "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Act provides a non-exclusive list of factors the judge shall consider, among which, and invoked by the government in this case, is: "[w]hether the failure to grant such a continuance…would deny counsel for the defendant *or the attorney for the Government the reasonable time necessary for effective preparation*, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv) (emphasis added).

Indeed, the government argues that a continuance would be in the interest of judicial efficiency by avoiding two separate trials and that it would allow the government sufficient time to prepare effectively. While this Court notes the significance of judicial economy and to the right of the Government to prepare for trial, it concludes that these interests in this case do not outweigh the Defendant's interest in a speedy trial.

3

To grant an excusable ends-of-justice continuance, a court shall consider all the necessary factors outlined in Section 3161(h)(7)(B), including the nature and complexity of the case under Section 3161(h)(7)(B)(ii) and whether the government's request is justifiable under Section 3161(h)(7)(B)(iv). *See United States v. Gonzales*, 137 F.3d 1431, 1434–1435 (10th Cir. 1998) (holding that delay for government to prepare for trial was unjustified in "straightforward" single-defendant bank robbery case); *see also United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993) (finding district court has power to grant excludable continuance where government needs time to prepare, so long as government has not created that need itself).  The United States points to no Tenth Circuit case affirming an opposed order granting a continuance of trial for a grand jury superseding indictment.  Here, Defendant opposes the motion for continuance.

Defendant currently is in custody awaiting trial.  He has, at least in the last month, refused plea offers, opposed continuances, and asserted his right to a speedy trial.  Defendant has not caused any tolling of his speedy trial clock with pretrial motions.  To the contrary, any tolling resulted from the United States' motion.  The Motion for Psychiatric Exam was filed by the government and timely opposed by Defendant.  The expected future motion the Government argues will toll the clock again is not ripe for consideration as a factor here.  The Court notes the warrant to which the United States has been awaiting a response was not made to Facebook until July 9, 2021—16 days after the first indictment was filed and nearly seven weeks after his arrest.

Finally, a denial of the motion to continue trial does not prejudice the United States as it is not precluded from bringing further charges against Defendant in the future if it determines to do so.  Moreover, the United States will have had sufficient time to prepare for trial on the indictment.  The United States has not established grounds that outweigh the Defendant's right to

4

a speedy trial.  The Court has set a status conference for September 8, 2021, at which time it will

consider a date for trial to commence no later than October 1, 2021.

IT IS SO ORDERED that the United States' Motion to Continue (Doc. 28) is denied.

UNITED STATES DISTRICT JUDGE