IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case 21-cr-00878-KG |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN BENJAMIN THORNTON**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' OMNIBUS MOTION *IN LIMINE*

The United States respectfully moves this Court for an Order prohibiting Defendant John Benjamin Thornton, his counsel, and any defense witnesses from asking any question, introducing any evidence, or making any statement regarding the following matters while the jury is present:

1. <u>Allegations of Government Misconduct</u>: Absent actual evidence of misconduct by the government, this Court should preclude Thornton and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding allegations of government misconduct, constitutional violations, and any other issues raised by Thornton in his pretrial motions.

Thornton should not be allowed to present allegations of government misconduct, constitutional violations, or any other issues raised by his pretrial motions to the jury because, *inter alia*, the probative value of such allegations would be substantially outweighed by the prejudice and jury confusion that such allegations would create. *See* FED. R. EVID. 401, 402 and 403. Moreover, such allegations, if allowed before the jury, would run the risk of creating mini-

trials. For these reasons, evidence, testimony, questions, and argument regarding such allegations should be excluded.

2. <u>Pre-Trial Rulings</u>: Similarly, and for some of the same reasons, this Court should preclude Thornton and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the contents of, or rulings on, any motions filed by either Thornton or the Government pretrial. *See* FED. R. EVID. 401, 402 and 403.

3. <u>Plea Negotiations</u>: This Court should preclude Thornton and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place, as such matters are not proper concerns for the jury. *See* FED. R. EVID. 401, 402 and 403; *see also generally* FED. R. EVID. 410.

4. <u>Offers to Stipulate</u>: This Court should preclude Thornton and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Thornton volunteering, offering, or in any manner agreeing to stipulate to certain facts unless some agreement between all parties with approval of the Court has been arranged concerning a stipulation. *See* FED. R. EVID. 401, 402 and 403; *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) ("It is 'unquestionably true as a general matter,' that 'the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." (quoting *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)).

5. <u>Information Known Only to Defendant</u>:  This Court should preclude Thornton and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding any information or facts which could only otherwise come to the jury's attention through the sworn testimony of Thornton, unless Thornton's counsel informs the Court that Thornton will, in fact, testify.

6. <u>Administrative Discipline and/or Lawsuits</u>:  This Court should preclude Thornton and his counsel from engaging in any attempt to impeach any witness with prior administrative disciplinary findings unless and until the Court has an opportunity to review such evidence to determine its admissibility. Federal Rule of Evidence 608(b) allows for evidence of specific instances of conduct to be inquired into on cross-examination if probative of truthfulness or untruthfulness at the discretion of the Court.  The United States asks that Thornton's counsel approach the bench before delving into such evidence, thereby allowing the Court to make the appropriate determination on admissibility.

7. <u>Defense Exhibits</u>:  This Court should preclude Thornton and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding defense exhibits that have not previously been supplied to counsel for the United States.  Federal Rule of Criminal Procedure 16(d)(2) provides in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may ... prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

Under both Rule 16 and the Discovery Order in this case (Doc. 11), Thornton is required to provide reciprocal discovery to the government. To date, no reciprocal discovery has been received by the United States.

8. <u>Defendant's Health</u>:  This Court should preclude Thornton and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Thornton's mental or physical health, including, without limitation past or current diseases, traumas, illnesses, attacks, and medical or psychological conditions.  *See* FED. R. EVID. 401, 402 and 403.

Accordingly, the United States respectfully moves this Court to grant the United States' motion and order Thornton, his counsel, and all defense witnesses to refrain from asking any question, introducing any evidence, or making any statement or argument that, either directly or indirectly, implicates the foregoing while the jury is present.  The United States further requests that this Court instruct Thornton's counsel to inform any potential witnesses of this Court's Order—and the prohibitions included therein—prior to trial.

Respectfully submitted,
**FRED J. FEDERICI**
ACTING UNITED STATES ATTORNEY

_____/s/_____
MARISA A. ONG
JONI AUTRY STAHL
*Assistant United States Attorneys*
200 North Church St.
Las Cruces, NM  88001
Desk: 575-323-5262

I hereby certify that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system on
October 18, 2021, which will send electronic
notification to defense counsel of record.

  /s/ Marisa Ong
MARISA A. ONG
*Assistant United States Attorney*