# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                                **No. 2:21-cr-0878 KG**

**JOHN BENJAMIN THORNTON,**

    **Defendant.**

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

COMES NOW the Defendant, John Benjamin Thornton, by and through his attorney, Bernadette Sedillo, Assistant Federal Public Defender, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully submits the following instructions for inclusion in the Court's charge to the jury. Mr. Thornton respectfully requests the opportunity to submit such other instructions as may be required by the evidence.

                                                Respectfully submitted,

                                                FEDERAL PUBLIC DEFENDER
                                                506 S. Main Street, Suite 400
                                                Las Cruces, New Mexico 88001
                                                (575) 527-6930

                                                */s/ Bernadette Sedillo*
                                                BERNADETTE SEDILLO
                                                Assistant Federal Public Defender

# DEFENDANT'S REQUESTED INSTRUCTION NO. 1

## Expert Witness

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters. You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**Authority:** Tenth Circuit Criminal Pattern Jury Instruction 1.17 (2021).

**DEFENDANT'S REQUESTED INSTRUCTION NO. 2**

**Knowingly**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish.

With respect to an offense such as that charged in this case, specific intent must be proved beyond a reasonable doubt before there can be a conviction.

**Authority:** Tenth Circuit Criminal Pattern Jury Instruction 1.37 (2021) (modified).

# DEFENDANT'S REQUESTED INSTRUCTION NO. 3

## Law Enforcement Witnesses

You have heard the testimony of law enforcement officials. The fact that a witness is employed in law enforcement does not mean that the witness's testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is legitimate for defense counsel to attack the believability of a law enforcement witness on the ground that the witness's testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of a law enforcement witness and how much weight, if any, it deserves.

**Authority:** Mod. Crim. Jury Instr. 3rd Cir. 4.18 (modified); *United States v. Bethancourt*, 65 F.3d 1074, 1080 n.3 (3d Cir. 1995); *Bush v. United States*, 375 F.2d 602 (D.C. Cir. 1967).

# DEFENDANT'S REQUESTED INSTRUCTION NO. 4

## Elements of the Offense (Count 1)

Mr. Thornton is charged in Count 1 of the indictment with a violation of 18 U.S.C. § 2261A(2)(b) and 2261(b).

This law makes it a crime for a person to, with the intent to kill, injure, harass, or intimidate another person, use the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person.

In order to find Mr. Thornton guilty of this crime, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*: That the defendant acted with the intent to kill, injure, harass, or intimidate T.T.;

*Second*: That the defendant used, through a course of conduct, the mail, any interactive computer service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; and

*Third*: That the defendant's course of conduct caused, attempted to cause, or would reasonably be expected to cause substantial emotional distress to T.T.


18 U.S.C. § 2261A(2)(B).

# DEFENDANT'S REQUESTED INSTRUCTION NO. 5

## Elements of the Offense (Counts 2–9)

Mr. Thornton is charged in Counts 2 through 9 of the indictment with violations of 18 U.S.C. § 875(c).

This law makes it a crime to transmit in interstate or foreign commerce a threatening communication to injure another person.

To find Mr. Thornton guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly transmitted a communication containing a threat to injure the person of another;

*Second*: the defendant transmitted the communication with the intent to make a threat, or with knowledge that the communication will be viewed as a threat; and

*Third*: the communication was transmitted in interstate or foreign commerce.

A "threat" is a serious statement expressing intent to instill fear, which, under the circumstances, would cause apprehension in a reasonable person, as distinguished from mere political argument, idle talk, exaggeration, or something said in a joking manner. It is not necessary that the defendant intended to carry out the threat, nor is it necessary that the defendant had the ability to carry out the threat.

**Authority:** Tenth Circuit Criminal Pattern Jury Instruction 2.37.1 (2021).

# DEFENDANT'S REQUESTED INSTRUCTION NO. 6

## Self-Defense or Defense of Another

The defendant, John Benjamin Thornton, has offered evidence that he was acting in self-defense or defense of another.

A person is entitled to defend himself or another person against the immediate use of unlawful force. But the right to use force in such a defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.

To find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt:

*Either*, the defendant did not act in self-defense or defense of another,

*Or*, it was not reasonable for the defendant to think that the force he used was necessary to defend himself or another person against an immediate threat.

**Authority:** Tenth Circuit Criminal Pattern Jury Instruction 1.28 (2021). As with most affirmative defenses, once the defendant raises the defense, the government must establish beyond a reasonable doubt that the defendant's action was not in self-defense. *United States v. Corrigan*, 548 F.2d 879, 881–84 (10th Cir. 1977).

# DEFENDANT'S REQUESTED INSTRUCTION NO. 7

## Theory of the Defense

Mr. Thornton did not knowingly and intentionally send the text messages with the intent to make a threat, or with knowledge that the communications would be viewed as a threat. A threat is a serious statement expressing intent to instill fear, which, under the circumstances, would cause apprehension in a reasonable person, as distinguished from mere political argument, idle talk, exaggeration, ranting and raving, or something said in a joking manner. Unless the government has proved beyond a reasonable doubt that Mr. Thornton wanted others to believe that he intended to act violently or that he issued a threat with the intent of placing the recipients in fear of bodily harm or death, as well as the other elements of the charged offenses as I have described them, you must find him not guilty.

**Authority:** Theory of the case instruction. *See United States v. Turner*, 553 F.3d 1337, 1347 (10th Cir. 2009) ("A district court must give a requested instruction on a defendant's theory of the case "if the instruction is a correct statement of the law," and Mr. Thornton "has offered sufficient evidence for the jury to find in his favor."); *United States v. Scafe*, 822 F.2d 928, 932 (10th Cir. 1987) ("A defendant is entitled to jury instructions on any theory of defense finding support in the evidence and the law. Failure to so instruct is reversible error."); *United States v. Durham*, 825 F.2d 716, 719 (2d Cir. 1987) (reversal for failure to provide "dupe" instruction).

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S. Main Street, Suite 400
Las Cruces, New Mexico 88001
(575) 527-6930

*/s/ Bernadette Sedillo*
BERNADETTE SEDILLO
Assistant Federal Public Defender