IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 21-CR-878 |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN BENJAMIN THORNTON,** | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S  PROPOSED INSTRUCTIONS

The United States respectfully requests that the Court include the following instructions

in its charge to the jury and requests permission to submit such additional instructions as may

become appropriate during trial.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

***Electronically Filed 10//25/2021***
MARISA A. ONG
JONI A. STAHL
*Assistant United States Attorneys*
200 North Church
Las Cruces, NM 88001
(575) 522-2304

1

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

 */s/ Electronically filed*

MARISA A. ONG
*Assistant U.S. Attorney*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 21-CR-878-KG |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN BENJAMIN THORNTON,** | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED JURY INSTRUCTIONS

PRAECIPE

| Stock and Requested Jury Instructions in Order Requested | Stock (S) or Requested (R) | Source/Supporting Authority |
|---|---|---|
| 1. Preliminary Instructions Before Trial and Note Taking By Jurors – Alternative B | R | Pattern Jury Instruction 1.01, 10th Circuit (2021) and Pattern Jury Instruction 1.02, Alt. B, 10th Circuit (2021) |
| 2. Court's Instructions to the Jury | S | Cr. 01 |
| 3. Duty to Follow Instructions | S | Cr. 02b |
| 4. Burden of Proof; Reasonable Doubt | S | Cr.03a or Cr.03b (as warranted by evidence) |
| 5. Indictment | R | 18 U.S.C. §§ 2261A(2)(B) and 2261; 18 U.S.C. §875(c) |
| 6. Elements - Cyberstalking | R | 18 U.S.C. § 2261A(2)(B); *United States v. Ackell*, 907 F.3d 67, 72 (1st Cir. 2018) |
| 7. First Element of Cyberstalking Defined | R | 18 U.S.C. § 2510(15); *Silver v. Quora, Inc.*, 666 F. App'x 727, 729 (10th Cir. 2016); 47 U.S.C. § 230(f)(2)). |
| 8. Second Element of Cyberstalking Defined | R | 18 U.S.C. § 2266(2); *United States v. Ackell*, 907 F.3d 67, 79 (1st Cir. 2018) |

3

| 9.  Third Element of Cyberstalking Defined | R | *United States v. Ackell*, 907 F.3d 67, 79 (1st Cir. 2018); *Virginia v. Black*, 538 U.S. 343, (2003) |
|---|---|---|
| 10.  Fourth Element of Cyberstalking Defined | R | *United States v. Ackell*, 907 F.3d 67, 79 (1st Cir. 2018); *United States v. Osinger*, 753 F.3d 939, 945 (9th Cir. 2014) |
| 11.  Elements – Threats in Interstate Commerce | R | 18 U.S.C. § 875(c); *Elonis v. United States*, 575 U.S. 723, 740 (2015) |
| 12.  First Element of Threats in Interstate Commerce Defined | R | 10th Cir. Criminal Pattern Jury Instruction, 1.39 (2011) |
| 13.  Second Element of Threats in Interstate Commerce Defined | R | *Virginia v. Black*, 538 U.S. 343, 359 (2003); *United States v. Wheeler*, 776 F.3d 736, 742 (10th Cir. 2015) |
| 14.  Third Element of Threats in Interstate Commerce Defined | R | *Elonis v. United States*, 575 U.S. 723, 740 (2015); *United States v. Heineman*, 767 F.3d 970, 978 (10th Cir. 2014); *United States v. Wheeler*, 776 F.3d 736, 742 (10th Cir. 2015). |
| 15.  On or About | R | 10th Cir. Criminal Pattern Jury Instruction, 1.18 (2021) |
| 16.  Caution – Consider on Crimes Charged | R | 10th Cir. Criminal Pattern Jury Instruction, 1.19 (2011) |
| 17.  Presumption of Innocence - Burden of Proof - Reasonable Doubt | R | 10th Cir. Criminal Pattern Jury Instruction, 1.05 (2011) |
| 18.  Evidence – Defined | R | 10th Cir. Criminal Pattern Jury Instruction, 1.06 (2011) |
| 19.  Evidence – Direct and Circumstantial - Inferences | R | 10th Cir. Criminal Pattern Jury Instruction, 1.07 (2011) |
| 20.  Credibility of Witnesses | R | 10th Cir. Criminal Pattern Jury Instruction, 1.08 (2011) |
| 21.  Non-Testifying Defendant | R | 10th Cir. Criminal Pattern Jury Instruction, 1.08.1 (2011) |
| 22.  Expert Witnesses | R | 10th Cir. Criminal Pattern Jury Instruction, 1.17 (2011) |
| 23.  Intent | R | Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice & Instructions § 17.07 (6th ed. 2015); *See also United States v. Graham*, 858 F.2d 986, 992 (5th Cir. 1998). |
| 24.  Punishment | R | Cr.25e |
| 25.  Defendant's Competency | R | *Pate v. Robinson*, 383 U.S. 375, 378 (1966) |
| 26.  Duty to Deliberate | S | Cr.26b |

| | | |
|---|---|---|
| 27.   Juror Use of Social Media | S | Cr.26b |
| 28.  Explanation of Verdict Form Communication With the Court | S | Cr.27a |
| 29.  Verdict Form | **R** | Attached |

## <u>REQUESTED INSTRUCTION NO. 1</u>

(Preliminary Instruction)

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by two assistant United States attorneys, Marisa Ong and Joni Stahl.  Defendant John Benjamin Thornton is represented by his lawyer, Bernadette Sedillo.

The Superseding Indictment with several crimes including: 1) cyberstalking, and 2) threats in interstate commerce.  The Superseding Indictment is simply the description of the charges made by the government against the defendant; it is not evidence of guilt or anything else.  The defendant pleaded not guilty and is presumed innocent.  He may not be found guilty by you unless all twelve of you unanimously find that the government has proved their guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you.  Just as the superseding indictment is not evidence, neither is the opening statement.  Its purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement.  [Change if the defendant reserves his statement until later or omit if the defendant has decided not to make an opening statement.]

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyer may [make an opening statement and] present evidence but they are not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I may excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but I am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids.  Therefore, you should not give your notes precedence over your independent recollection of the evidence.  You should also not be unduly influenced by the notes of other jurors.  If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

Ordinarily, the attorney will develop all the relevant evidence that will be necessary for you to reach your verdict.   However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case.  In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand.  I will then consider that questions with the lawyers.  If it is determined to be a proper and necessary question, I will ask it.  If I do not ask it, you should recognize that I have determine it

is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all.  In addition, during the course of the trial you should not talk about the trial with anyone else.  Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received.  Do not use the internet or any other form of electronic communication to obtain or provide any information.  Simply put, do not communicate with anyone about the trial until your verdict is received.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own.  Do not attempt to visit any places mentioned in the case, either actually or virtually using the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said.  This is basically to assist any potential appeals.  A typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media.  The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Stahl, you may present the opening statement for the government.

## REQUESTED INSTRUCTION NO. 5

(Indictment)

The defendant is on trial before you upon a Superseding Indictment brought by the Grand Jury charging:

### Count 1

Between on or about February 4, 2021, and May 23, 2021, in Doña Ana County, in the District of New Mexico and elsewhere, the defendant, **JOHN BENJAMIN THORNTON**, with the intent to harass and intimidate T.T., used facilities of interstate and foreign commerce, including electronic cellular telephone networks and an interactive computer service, to engage in a course of conduct, to wit, the sending of text messages and posting messages on Facebook, that caused, attempted to cause, or would be reasonably expected to cause, substantial emotional distress to T.T., a former spouse of the defendant.

In violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b).

### Counts 2-9

On or about the dates listed below, in Doña Ana County, in the District of New Mexico and elsewhere, the defendant, **JOHN BENJAMIN THORNTON**, knowingly and willfully transmitted in interstate and foreign commerce communications containing threats to injure the person of another as identified below:

| Count | Date | Victim | Means of Communication | Messages |
|-------|------|--------|------------------------|----------|
| 2 | February 4, 2021 | T.T. | Facebook message | Threat to injure T.T. |
| 3 | February 16, 2021 | E.L. | Facebook message | Threat to injure and/or kill E.L. |
| 4 | April 3, 2021 | T.T. | Facebook message | Threat to injury T.T. |
| 5 | April 10, 2021 | E.L. | Facebook message | Threat to kill E.L. |
| 6 | May 12, 2021 | E.L. | E-Mail | Threat to kill E.L. |
| 7 | May 18, 2021 | T.T. | Text messages | Threat to kill T.T. |

11

| 8 | May 18, 2021 | R.T. | Text messages | Threat to kill R.T. |
| 9 | May 23, 2021 | T.T. | Facebook message | Threat to kill T.T. |

In violation of 18 U.S.C. § 875(c)

## REQUESTED INSTRUCTION NO. 6

(Elements of Cyberstalking)

The defendant is charged in Count 1 of the Indictment with a violation of 18 U.S.C. §§ 2261A(2)(B) and 2261.

To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant used facilities of interstate and foreign commerce, including an electronic communication service and/or an interactive computer service;

*Second:* that the defendant used the facility of interstate commerce to engage in a course of conduct consisting of the sending of text messages and posting messages on Facebook to T.T.;

*Third*: while engaged in the course of conduct, the defendant intended to injure, harass, or intimidate T.T.; and

*Fourth*: the acts engaged in by the defendant caused, attempted to cause or could reasonable by expected to cause substantial emotional distress to that person.

Sources: 18 U.S.C. § 2261A(2)(B); *United States v. Ackell*, 907 F.3d 67, 72 (1st Cir. 2018)

## REQUESTED INSTRUCTION NO. 7

First Element – Facilities of Interstate and Foreign Commerce

For Count 1, the first element that the United States must prove beyond a reasonable doubt is that the defendant used facility of interstate or foreign commerce such as an electronic communication service or an interactive computer service.

An "electronic communication service" means any service which provides to users thereof the ability to send or receive wire or electronic communications.

An "interactive computer service" is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer service, including specifically a service or system that provides access to the Internet.

Sources: 18 U.S.C. § 2510(15) (definition of "electronic communication service"); *Silver v. Quora, Inc.*, 666 F. App'x 727, 729 (10th Cir. 2016) (defining "interactive computer service, citing to 47 U.S.C. § 230(f)(2)).

## REQUESTED INSTRUCTION NO. 8

Second Element – Course of Conduct

For Count 1, the second element that the United States must prove beyond a reasonable doubt is that the defendant engaged in a "course of conduct."   A "course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

For purposes of this case, you may consider each communication or act between the defendant and T.T. to be a separate act.  In order to find the defendant guilty, you must unanimously agree that the United States has proven beyond a reasonable doubt that the defendant engaged in a course of conduct.  The United States is not required to prove beyond a reasonable doubt that any specific communication or act made up the course of conduct.  In other words, while you are required to unanimously agree that the defendant engaged in two or more acts evidencing a continuity of purpose in order to find him guilty of the crime charged, you are not required to agree unanimously on which two or more acts constitute the course of conduct.

Sources: 18 U.S.C. § 2266(2) (definition of "course of conduct"); *United States v. Ackell*, 907 F.3d 67, 79 (1st Cir. 2018) (jury unanimity is not required for which "2 or more" acts constitute a course of conduct for the cyberstalking statute).

## REQUESTED INSTRUCTION NO. 9

Third Element – Intent

For Count 1, the third element that the United States must prove beyond a reasonable doubt is that the defendant acted with the intent to harass or intimidate T.T.

To act with "intent" means to act voluntarily and intelligently, not by ignorance, accident, or mistake, and with the specific intent or purpose of causing a desired result in a particular individual.

Intent to "harass" means to act with the specific intent or purpose of causing an adverse emotional reaction in a specific person, not merely speech that happens to cause annoyance or insult.

Intent to "intimidate" means to act with the specific intent of placing a specific person in fear of bodily harm or death.

Sources: *United States v. Ackell*, 907 F.3d 67, 79 (1st Cir. 2018); *Virginia v. Black*, 538 U.S. 343, (2003) (defining "intimidation").

## REQUESTED INSTRUCTION NO. 10

### Fourth Element – Substantial Emotional Distress

For Count 1, the final element that the United States must prove beyond a reasonable doubt is that the course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to T.T.

The United States is not required to prove all three of the alternative means set forth in the indictment. In order for you to find the defendant guilty of the crime charged, you must unanimously agree that the united States has proven beyond a reasonable doubt that:

(1) The defendant engaged in a course of conduct that caused substantial emotional distress to T.T.; or

(2) The defendant engaged in a course of conduct that attempted to cause substantial emotional distress to T.T.; or

(3) The defendant engaged in a course of conduct that would be reasonably expected to cause substantial emotional distress to T.T.

"Substantial emotional distress" means mental distress, mental suffering or mental anguish, and includes depression, dejection, shame, humiliation, mortification, shock, indignity, embarrassment, grief, anxiety, worry, fright, disappointment, nausea, and nervousness, as well as physical pain.

When considering whether the intended course of conduct "would be reasonably expected to cause substantial emotional distress" to T.T., you must consider whether, in light of the evidence presented in this case, a reasonable person in the same or similar circumstances as T.T. would suffer substantial emotional distress as a result of the intended course of conduct, as defined in these instructions.

Sources: *United States v. Ackell*, 907 F.3d 67, 79 (1st Cir. 2018); *United States v. Osinger*, 753 F.3d 939, 945 (9th Cir. 2014).

## **REQUESTED INSTRUCTION NO. 11**

Elements of Threats in Interstate Commerce

The defendant is charged in Counts 2 through 9 of the Superseding Indictment with a violation of 18 U.S.C. § 875(c).

To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:   the defendant sent a message in interstate commerce;

*Second*: the message contained a true threat to injure the person of another; and

*Third*: the defendant sent the message with the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat.

Source: 18 U.S.C. § 875(c); *Elonis v. United States*, 575 U.S. 723, 740 (2015) (third element)

**<u>REQUESTED INSTRUCTION NO. 12</u>**

For Counts 2 through 9, the first element that the United States must prove beyond a reasonable doubt is that the defendant sent a message in interstate commerce.

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state.  Commerce includes travel, trade, transportation and communication.

Source: <u>10th Cir. Criminal Pattern Jury Instruction</u>, 1.39 (modified for clarity)

## REQUESTED INSTRUCTION NO. 13

For Counts 2 through 9, the second element that the United States must prove beyond a reasonable doubt is that the message contained a true threat to injure the person of another.

A "true threat" is a statement where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.

In determining whether the message at issue contains a true threat you may consider the language, the context in which the statements are made, as well as the recipients' responses to message.

The United States is not required to prove that defendant intended to or had the ability to actually carry out the threat.


Sources: *Virginia v. Black*, 538 U.S. 343, 359 (2003) (definition of "true threat"); *United States v. Wheeler*, 776 F.3d 736, 742 (10th Cir. 2015) (other considerations).

## REQUESTED INSTRUCTION NO. 14

For Counts 2 through 9, the final element that the United States must prove beyond a reasonable doubt is that the defendant sent the message with the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat.

This means that the defendant sent the message with the intent to communicate a true threat and an intent that the recipient would feel threatened.

However, the United States is not required to prove that defendant intended to or had the ability to actually carry out the threat.


Source: *Elonis v. United States*, 575 U.S. 723, 740 (2015); *United States v. Heineman*, 767 F.3d 970, 978 (10th Cir. 2014); *United States v. Wheeler*, 776 F.3d 736, 742 (10th Cir. 2015).

## REQUESTED INSTRUCTION NO. 15

(On or About)

You will note that the Superseding Indictment charges that the crimes were committed on or about a certain date or between a specific time frame. The government must prove beyond a reasonable doubt that the defendants committed the crime reasonably near the dates listed in each of the counts.

Source:  10th Cir. Criminal Pattern Jury Instruction, 1.18 (modified).

**PROPOSED JURY INSTRUCTION NO. 16**

(Caution – Consider Only Crimes Charged)

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or crimes not charged in the indictment.


Source:  10th Cir. Criminal Pattern Jury Instruction, 1.19 (modified)

## REQUESTED INSTRUCTION NO. 17

(Presumption of Innocence – Burden of Proof – Reasonable Doubt)

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Source:  10th Cir. Criminal Pattern Jury Instruction, 1.05

## REQUESTED INSTRUCTION NO. 18

(Evidence – Defined)

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Source:  10th Cir. Criminal Pattern Jury Instruction, 1.06

## REQUESTED INSTRUCTION NO. 19

(Evidence – Direct and Circumstantial – Inferences)

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Source:  10th Cir. Criminal Pattern Jury Instruction, 1.07

27

## REQUESTED INSTRUCTION NO. 20

### (Credibility of Witnesses)

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Source:  10th Cir. Criminal Pattern Jury Instruction, 1.08

## <u>REQUESTED INSTRUCTION NO. 21</u>

(Non-Testifying Defendant)

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

<u>Source:</u> <u>10th Cir. Criminal Pattern Jury Instruction</u>, 1.08.1

## REQUESTED INSTRUCTION NO. 22

(Expert Witnesses)

During the trial, you heard from Special Agent Sean Macmanus, who was recognized as an "expert" by the Court.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Source:  10th Cir. Criminal Pattern Jury Instruction, 1.17 (first sentence modified)

## REQUESTED INSTRUCTION NO. 23

(Intent)

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence that may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what weight to give the evidence presented during this trial. You are the ultimate finders of fact.

Source: Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice & Instructions § 17.07 (6th ed. 2015); *See also United States v. Graham,* 858 F.2d 986, 992 (5th Cir. 1998).

## <u>REQUESTED INSTRUCTION NO. 24</u>

(Punishment)

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

<u>Source</u>:  <u>10th Cir. Criminal Pattern Jury Instruction</u>, 1.20, p. 35.

## **REQUESTED INSTRUCTION NO. 25**

(Defendant's Competency)

Every defendant must be deemed competent to stand trial.  Thus, you can infer from the fact that the defendant is presently on trial that his competency is not an issue in this case and not something that you should consider during your deliberations.  The only question before you is whether the United States has proven beyond a reasonable doubt that the defendant is guilty of the crimes charged, as is further described in the elements instructions.


Source:  *Pate v. Robinson*, 383 U.S. 375, 378 (1966).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 21-CR-878 KG |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN BENJAMIN THORNTON,** | ) | |
| | ) | |
| Defendant. | ) | |

## **VERDICT**

### **Count 1**

We, the Jury, find the defendant, **JOHN BENJAMIN THORNTON,** _____

**(Guilty or Not Guilty)**

of Cyberstalking, as charged in of Count 1 of the Superseding Indictment.

### **Count 2**

We, the Jury, find the defendant, **JOHN BENJAMIN THORNTON,** _____

**(Guilty or Not Guilty)**

of Threats in Interstate Commerce, as charged in Count 2 of the Superseding Indictment.

### **Count 3**

We, the Jury, find the defendant, **JOHN BENJAMIN THORNTON,** _____

**(Guilty or Not Guilty)**

of Threats in Interstate Commerce, as charged in Count 2 of the Superseding Indictment.

### **Count 4**

We, the Jury, find the defendant, **JOHN BENJAMIN THORNTON,** _____

**(Guilty or Not Guilty)**

of Threats in Interstate Commerce, as charged in Count 2 of the Superseding Indictment.

### **Count 5**

We, the Jury, find the defendant, **JOHN BENJAMIN THORNTON,** _____

**(Guilty or Not Guilty)**

of Threats in Interstate Commerce, as charged in Count 2 of the Superseding Indictment.

### Count 6

We, the Jury, find the defendant, **JOHN BENJAMIN THORNTON,** _____
**(Guilty or Not Guilty)**

of Threats in Interstate Commerce, as charged in Count 2 of the Superseding Indictment.

### Count 7

We, the Jury, find the defendant, **JOHN BENJAMIN THORNTON,** _____
**(Guilty or Not Guilty)**

of Threats in Interstate Commerce, as charged in Count 2 of the Superseding Indictment.

### Count 8

We, the Jury, find the defendant, **JOHN BENJAMIN THORNTON,** _____
**(Guilty or Not Guilty)**

of Threats in Interstate Commerce, as charged in Count 2 of the Superseding Indictment.

### Count 9

We, the Jury, find the defendant, **JOHN BENJAMIN THORNTON,** _____
**(Guilty or Not Guilty)**

of Threats in Interstate Commerce, as charged in Count 2 of the Superseding Indictment.

DATED THIS _____ DAY OF _____, 2021.

_____
FOREPERSON