IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                              Crim. No. 21-878-KG

JOHN BENJAMIN THORNTON,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant John Benjamin Thornton's Motion to Dismiss the Superseding Indictment (Doc. 61) filed October 6, 2021.  The Motion is fully and timely briefed. *See* (Docs. 76, 77).  Having reviewed the briefing and the relevant law, the Court denies the Motion.

I.      *Background*

The United States first filed an Indictment against Mr. Thornton on June 23, 2021, charging three counts of transmitting threats in interstate commerce, in violation of 18 U.S.C. § 875(c).  (Doc. 19).  On September 14, 2021, the Government brought its First Superseding Indictment, charging one count of cyberstalking, in violation of 18 U.S.C. §§ 2261A(2)(B) and 226l(b), and eight counts of transmitting threats in interstate commerce.  Mr. Thornton filed his Motion to Dismiss the Superseding Indictment (Motion) (Doc. 61), and the United States filed a Second Superseding Indictment, which is partially responsive to Mr. Thornton's Motion, on November 12, 2021 (Doc. 110).

II.      *Analysis*

Mr. Thornton makes three arguments in support of his Motion. First, he argues that the cyberstalking statute, 18 U.S.C. § 2261A, is void for vagueness. (Doc. 61) at 2–4. Second, he argues the cyberstalking charge lacks sufficient factual detail about the alleged "course of conduct" to mount a defense. *Id*. at 4. Finally, he argues that the threats in interstate commerce charge does not allege the proper *mens rea*. *Id*. at 5–6.

The Court first addresses Mr. Thornton's third argument. The Government filed a Second Superseding Indictment on November 12, 2021. (Doc. 110). In it, the Government adds a specific *mens rea* allegation:

> On or about the dates listed below, in Doña Ana County, in the District of New Mexico and elsewhere, the defendant, JOHN BENJAMIN THORNTON, *with the intent to threaten*, and knowing it would be viewed as a threat, *knowingly transmitted* in interstate and foreign commerce communications containing threats to injure the person of another as identified below…

(Doc. 110) at 2 (emphasis added). Because the Second Superseding Indictment directly addresses, and cures, the deficiency asserted by Mr. Thornton, the Court determines the issue is moot.

Mr. Thornton's first two arguments remain, however. The Court turns next to Mr. Thornton's contention that the cyberstalking statute is facially void for vagueness. The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *United States v. Gaudreau*, 860 F.2d 357, 359 (10th Cir. 1988) (citing *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)).

Mr. Thornton argues that there is "no apparent explanation for what [Section] 2261A(2) proscribes." (Doc. 61) at 4. Mr. Thornton further argues that the vagueness "will allow for the arrest, prosecution, and conviction of marginalized and apparently disreputable individuals

2

alleged to have engaged in unsavory speech." *Id.* The Court is unconvinced. Mr. Thornton's accusation of vagueness is itself unspecific, alleging generally that Section 2261A(2) does not clearly explain what behavior is proscribed. Contrary to that allegation, this Court finds that Section 2261A(2) does provide clarity about what it proscribes. That Section makes it a crime when a person:

> (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—
>
> > (A) places that person in reasonable fear of the death of or serious bodily injury to a person, a pet, a service animal, an emotional support animal, or a horse described in clause (i), (ii), (iii), or (iv) of paragraph (1)(A); or
> >
> > (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A)…

18 U.S.C. § 2261A(2).

That is, a person may not "engage in a course of conduct," involving the use of "the mail" or "any interactive computer service or electronic communication service," with the intent to "kill, injure, harass, intimidate, or place under surveillance," which causes another person to either (a) feel "reasonable fear" of "death" or "serious bodily injury," or (b) feel "substantial emotional distress." *Id.* This Court concludes those words are clear enough to inform an ordinary person of what behavior is prohibited and definite enough to dissuade arbitrary enforcement.

In support of this conclusion, the Court notes that every circuit court to consider Section 2261A has uniformly rejected a vagueness attack. *See, e.g.*, *United States v. Gonzalez*, 905 F.3d 165, 191, n. 10 (3d Cir. 2018) ("[Section 2261A] is not unconstitutionally vague, as it uses

readily understandable terms such as 'harass' and 'intimidate'…."); *United States v. Conlan*, 786 F.3d 380, 386 (5th Cir. 2015) ("The statute need not define 'harass' and 'intimidate' because they are not obscure words and are readily understandable by most people."); *United States v. Osinger*, 753 F.3d 939, 945 (9th Cir. 2014) ("'[H]arass' and 'substantial emotional distress' are not esoteric or complicated terms devoid of common understanding.");  *United States v. Sayer*, 748 F.3d 425, 436 (1st Cir. 2014) (rejecting facial and as-applied vagueness challenges to Section 2261A); *United States v. Shrader*, 675 F.3d 300, 311 (4th Cir. 2012) ("Given that the government must prove both intent and effect, we need not worry that the statute sets an unclear trap for the unwary."); *see also United States v. Bandy*, No. 17-CR-3402 MV, 2021 WL 876980, at *5 (D.N.M. Mar. 9, 2021) (finding "courts have maintained that the statute's required conduct element combined with the specific intent element eliminate the risk of vagueness.").  This Court, therefore, is not persuaded that this indictment must be dismissed based on the argument that the criminal statute is unconstitutionally vague.

Finally, the Court addresses Mr. Thornton's argument that the First Superseding Indictment lacks detail.  The Court notes that the Second Superseding Indictment does not change Count 1, so Mr. Thornton's argument is equally applicable to it as to the First Superseding Indictment.  *Compare* (Doc. 43) *with* (Doc. 110).  Mr. Thornton argues that the indictment merely provides dates but does not explain what "course of conduct" is alleged. (Doc. 61) at 4–5.  As a result, Mr. Thornton contends, "it is impossible to mount a defense."  The Court disagrees.

Under Federal Rules of Criminal Procedure 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged…." The Tenth Circuit has stated that "[a]n indictment is sufficient if it sets forth the elements of the

4

offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

"The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Washington*, 653 F.3d 1251, 1259 (10th Cir. 2011) (quoting *United States v. Gama–Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000)).  Further, when evaluating an indictment's sufficiency, courts employ "practical rather than technical considerations."  *Id*. (quoting *Dashney*, 117 F.3d at 1205).  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."  *Hamling v. United States*, 418 U.S. 87, 117 (1974).

Challenging an indictment is not a means of "testing the strength or weakness of the government's case, or the sufficiency of the government's evidence."  *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).  Rather, "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true."  *Todd*, 446 F.3d at 1067; *see also United States v. Sampson*, 371 U.S. 75, 78–79 (1962) (finding it irrelevant that charges had not been established by evidence, because at a motion to dismiss "the indictment must be tested by its sufficiency to charge an offense").

The indictment in this case contains sufficient explanation to cover the elements of the alleged crime in Count 1 and allows Mr. Thornton to mount a defense. Count 1 of the Superseding Indictment alleges Mr. Thornton violated 18 U.S.C. 2261A(2).  That

"Cyberstalking" statute, as quoted above, prohibits engaging "in a course of conduct" involving the use of "the mail" or "electronic communication" with the intent to "kill, injure, harass, [or] intimidate." 18 U.S.C. § 2261A(2). The statute further defines "course of conduct" as "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose." 18 U.S.C. § 2266.

Count 1, in turn, reads:

> Between on or about February 4, 2021, and May 23, 2021, in Doña Ana County, in the District of New Mexico and elsewhere, the defendant, JOHN BENJAMIN THORNTON, with the intent to harass and intimidate T.T., used facilities of interstate and foreign commerce, including electronic cellular telephone networks and an interactive computer service, to engage in a course of conduct, to wit, the sending of text messages and posting messages on Facebook, that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to T.T., a former spouse of the defendant.

(Doc. 43) at 1; (Doc. 110) at 1. That Count provides an appropriate recitation of the elements of the crime alleged. The argument that the charge contains dates but not a clear "course of conduct" does not comport with the text of the indictment. The date range, combined with the explanatory clause—"to wit, the sending of text messages and posting messages on Facebook"—together go to showing multiple instances of conduct, which is a proper "course of conduct." And while the Court cannot look outside the indictment for evidence, this Court notes that under Counts 2 to 9, the Government describes specific acts which appear clearly applicable to Count 1:

- February 4, 2021, "Facebook message" with "threat to injure T.T."
- May 18, 2021, "Text messages" with "threat to kill T.T."
- May 23, 2021, "Facebook message" with "threat to kill T.T."

(Doc. 43) at 2.

The allegations in the indictment sufficiently allege a course of conduct, describe each of the elements of the charged crime, and provide sufficient detail to mount a defense.

For these reasons, Mr. Thornton's Motion to Dismiss is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE