IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                     Crim. No. 21-878-KG

JOHN BENJAMIN THORNTON,

    Defendant.

<u>SUMMARY ORDER RESULTING FROM PRETRIAL CONFERENCE</u>

THIS MATTER comes before the Court on the following pretrial motions and other matters:

- Government's Motion to Seal Witness List (Doc. 82), filed October 25, 2021;

- Government's Unopposed Motion to Seal *Voir Dire* (Doc. 85), filed October 25, 2021;

- Government's Motion *in Limine* to Preclude Improper Impeachment (Doc. 66), filed October 18, 2021;

- Defendant's Motion *in Limine* to Exclude Evidence Relating to Parenting Issues (Doc. 69), filed October 18, 2021;

- Government's Second Amended Exhibit List (Doc. 120), filed December 1, 2021;

- Government's Motion *in Limine* to Preclude Irrelevant Testimony (Doc. 71), filed October 18, 2021;

- Government's Motion *in Limine* Regarding Possible Penalties Evidence (Doc. 73), filed October 18, 2021;

- Government's Omnibus Motion *in Limine* (Doc. 72), filed October 18, 2021;

1

- Defendant's Motion *in Limine* to Exclude Evidence of Alleged Domestic Violence (Doc. 68), filed October 18, 2021;

- Defendant's Motion *in Limine* to Exclude Evidence of Prior Arrests and Charges (Doc. 70), filed October 18, 2021;

- Government's Amended Proposed Jury Instructions (Doc. 114), filed November 17, 2021; and

- Defendant's Proposed Jury Instructions (Doc. 91), filed October 25, 2021.

On December 2, 2021, the Court held an in-person Pretrial Conference at which the Court provided counsel with its rulings on the motions and other filings. The United States was represented by Assistant United States Attorneys Marisa A. Ong and Joni Autry Stahl. Defendant John Benjamin Thornton was present and represented by Assistant Federal Public Defenders Bernadette Sedillo and Gia A. McGillivray.

Having considered the above motions and other filings, and the argument of counsel, the Court finds and concludes the following, for the reasons stated on the record and elaborated herein:

1.  The Government filed two Motions to seal—one for its witness list (Doc. 82) and one for its proposed *voir dire* (Doc. 85). Balancing the victims' interest in protecting their identity against the public's interest in transparency, the Court grants both motions, but both documents shall be unsealed when jury selection starts at 8:30 am on December 6, 2021, at which point the Court notes the victims' names will be read in open court.

2.  The Government's Motion *in Limine* to Preclude Improper Impeachment (Doc. 66) seeks to preclude certain impeachment of witnesses R.T. and T.T. Specific to R.T., the Government seeks to prohibit impeachment about his past criminal charges. Noting that the past

charges were never convictions, that they are 15 years old, and that they are unrelated to character for truthfulness, the Court grants the motion as to R.T.  Specific to T.T., the Government seeks to prohibit impeachment about her relationship with her second husband, Ryan Brown, or Mr. Brown's drug use.  The Court concludes, given the likely questioning of T.T. proffered by the Government, that those topics are irrelevant, and therefore grants the motion as to T.T and Ryan Brown.  If the Government opens the door on direct by asking T.T. to testify to Mr. Thornton being dangerous, and Defendant believes questioning about Mr. Brown has become relevant, counsel will approach the bench for reconsideration.  Finally, the Government also requests an order precluding cross-examination about "inflammatory" information.  The Court concludes there is insufficient basis for a determination, and therefore its granting of the motion does not extend to "inflammatory" questions.

3. Defendant's Motion *in Limine* to Exclude Evidence Relating to Parenting Issues (Doc. 69) requests an order prohibiting any evidence or testimony "relating to a document entitled 'Order in Suit to Modify Parent-Child Relationship' and any negative information about the relationship between Mr. Thornton and his children." (Doc. 69) at 1.  Defendant argues the evidence is irrelevant per rule 401 and unduly prejudicial under rule 403.  (Doc. 69) at 2.  The Government responds that the custody order is relevant to motive and to establishing that the messages are true threats. The Motion is denied as to Exhibit 31. The Court defers decision as to further questioning about parenting issues generally, though it notes that if the Government asks about Defendant's parenting, it may open the door to cross-examining T.T. about her second marriage.

4. Relatedly, Defendant objected to admission of Government's Exhibit 31, the Order in Suit to Modify Parent-Child Relationship.  (Doc. 98).  The Court admits Exhibit 31 in

whole, allowing for the redaction of certain personally identifying information. The Court finds it is relevant and probative of motive. The Defendant's objection to admitting only part of the document due to the rule of completeness is well-taken and the document in its entirety is admitted.

5. The Government's Motion *in Limine* to Preclude Irrelevant Testimony (Doc. 71) requests a pretrial order prohibiting Defendant from testifying about his "conspiracy theory beliefs" and preventing Defendant from telling the jury he "has ever or does work for the CIA." (Doc. 71) at 3, 4. The Government argued in its briefing and at the hearing that such testimony violates rule 403 and encourages jury nullification. Defendant responds that his testimony is relevant to the *mens rea* element of the crimes charged. The Court agrees, finding that Defendant's potential testimony is intrinsic to the intent requirement. For this reason, the Government's motion is denied.

The Court notes, and takes seriously, that the "right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution[,]" including the Fourteenth, Sixth, and Fifth Amendments. *Rock v. Arkansas*, 483 U.S. 44, 51, 51–53 (1987). The Supreme Court has stated that there "is no justification…for a rule that denies an accused the opportunity to offer his own testimony." *Id*. at 52. On the other hand, "[w]hatever the scope of a constitutional right to testify, it is elementary that such a right does not extend to testifying *falsely*." *Nix v. Whiteside*, 475 U.S. 157, 173 (1986). The right to present relevant testimony is not without limitation, but "restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve." *Id*. at 55-56.

This Court concludes, therefore, that a prophylactic limitation on the accused is inappropriate in this case. In so concluding, the Court notes that there are other remedies

available depending on the content of Defendant's potential testimony.  The first is that if Defendant chooses to testify, he will put his credibility at issue.  The Supreme Court has reasoned that "[l]ike the truthfulness of other witnesses, the defendant's veracity…can be tested adequately by cross-examination." *Id*.  And the Tenth Circuit has found that "it is permissible for the prosecution to comment on the veracity of a defendant's story." *Bland v. Sirmons*, 459 F.3d 999, 1025 (10th Cir. 2006) (quoting *United States v. Hernandez–Muniz*, 170 F.3d 1007, 1012 (10th Cir.1999)).  The Court further notes that the limitations in Rule 403 will apply to any testimony, as will counsel's duty of candor imposed by NMRA 16-303.

    For these reasons, and those stated on the record at hearing, the Government's Motion *in Limine* to Preclude Irrelevant Testimony (Doc. 71) is denied.

    6.    The Government's Motion *in Limine* Regarding Possible Penalties Evidence (Doc. 73) is granted.

    7.    The Government's Omnibus Motion *in Limine* (Doc. 72), is granted.

    8.    Defendant's Motion *in Limine* to Exclude Evidence of Alleged Domestic Violence (Doc. 68) is granted in part.  Evidence of Defendant's alleged domestic violence is excluded from the Government's case in chief except as to those references to domestic violence which are intrinsic to the messages constituting the crimes charged.  Any further evidence of alleged domestic violence is subject to the Defendant opening the door.

    9.    The Court grants in part Defendant's Motion *in Limine* to Exclude Evidence of Prior Arrests and Charges (Doc. 70), noting that the Government gave no 404(b) notice of intent to introduce any evidence of past crimes, wrongs, or other acts.  To the extent Mr. Thornton mentions his past charges in his messages, that is intrinsic to the charges, and thus admissible.

10. Defendant requests a Self-Defense Jury Instruction. *See* Defendant's Proposed Instruction # 6 (Doc. 91). The Government opposes the Jury Instruction, and in doing so also requests that no self-defense claim be made "during *voir dire*, opening statements, witness examinations or otherwise" injected into the trial. (Doc. 104) at 3. Construing that request as an evidentiary motion, the Court grants it in part. Any reference to self-defense during *voir dire* or opening statement is prohibited. Defendant, however, shall be permitted to address any criminal intent element directly. The Court defers decision about a self-defense jury instruction until after the presentation of evidence.

11. Defendant requests a theory of the case instruction. *See* Defendant's Proposed Instruction # 7 (Doc. 91). The Government opposes it in its briefing, (Doc. 104) at 7, and objected to it at the hearing. The Government's objection to the instruction is noted.

A district court must give a requested instruction on a defendant's theory of the case "if the instruction is a correct statement of the law," and the defendant "has offered sufficient evidence for the jury to find in his favor." *United States v. Pinson*, 542 F.3d 822 (10th Cir.2008).

The Court, having edited defendant's proposed instruction so that it is a "correct statement of the law," noted to the parties that it is inclined to include the instruction. The Government is not prejudiced by it as much of the instruction is already covered by other included instructions. Defendant objected to the exclusion of its "ranting and raving" language. That objection is overruled.

12. The Government requested an instruction as to Defendant's competency. *See* Government's Requested Instruction #25 (Doc. 114) at 33. The Court declines to include that instruction. Competency has not been raised as an issue, and the instruction could be confusing. The Court also notes that its instruction that the jury only consider evidence admitted at trial

likely covers this issue. If, however, there is testimony or argument raised as to Defendant's competency, the Government shall raise the issue at trial.

13. With agreement of the parties, the following jurors were excused for cause:

- 185
- 82
- 60
- 113
- 37
- 166

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE