IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                           No. CR 21CR878 KG

JOHN BENJAMIN THORNTON,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING**
**UNITED STATES' REQUEST FOR UPWARD VARIANCE**

THIS MATTER is before the Court on the United States' request for an upward variance and to impose a sentence at the statutory maximum sentence of 60 months. (Doc. 135). No written response was filed, but at the sentencing hearing held on December 14, 2023, defense counsel requested a Guideline sentence of 33 months. As explained below, the Court determines that a sentence outside the applicable Guideline range is warranted, varies upward, and imposes a sentence of 60 months.

*I.    Background*

On November 10, 2021, the Grand Jury returned a Second Superseding Indictment, charging Mr. Thornton with nine criminal offenses, specifically, Count 1, Cyberstalking and Counts 2–9, Threats in Interstate Commerce. The charges stemmed from threatening text and Facebook messages Mr. Thornton sent to his ex-wife, his father, and employees of the business, D-WAVE. Trial was set to commence with jury selection on December 6, 2021. However, on December 3, 2021, Mr. Thornton entered a guilty plea to all nine counts of the Superseding Indictment without a plea agreement. (Doc. 128). A presentence report (PSR) was ordered and

then disclosed to the Court and parties on January 25, 2022. (Doc. 133).

The United States filed its Sentencing Memorandum, (Doc. 135), on April 1, 2022. Before sentencing was set, however, defense counsel raised questions of Mr. Thornton's competence. As a result, this Court ordered Mr. Thornton to undergo a psychological evaluation. Based on the results of that evaluation report, (Doc. 233), the Court entered a stipulated order on November 27, 2023, (Doc. 237), finding Mr. Thornton competent to proceed. Sentencing was reset for December 14, 2023. (Doc. 236).

The Presentence Report includes a Sentencing Guideline calculation that resulted in Total Offense Level 20. Mr. Thornton does not have any criminal convictions, so his Criminal History Category is I, resulting in a Guideline imprisonment range of 33–41 months. No objections were made to the Guideline applications.

*II.   Discussion*

In its Sentencing Memorandum and Request for an Upward Variance, the Government requests the statutory maximum sentence of 60 months, and for reasons stated on the record and set forth below, this Court agrees that a sentence of 60 months is warranted.

When imposing a sentence, district courts have discretion to deviate from the sentence as calculated under the Sentencing Guidelines. *United States v. Booker*, 543 U.S. 220 (2005). Even so, courts are required to consider the Guidelines and use them as "the starting points and initial benchmark" when determining the appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). To do so, courts must calculate the correct Guideline sentencing range and impose a sentence within statutory limits with consideration of the factors set forth in 18 U.S.C. § 3553(a).

The factors courts are required to consider under Section 3553(a) include,

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) The need for the sentence imposed
>    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense;
>    B. to afford adequate deterrence to criminal conduct;
>    C. to protect the public from further crimes of the defendant;
>    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective matter;
> (3) The kinds of sentence and the sentencing range;
> (4) The applicable policy statement;
> (5) The need to avoid unwarranted sentence disparities; and
> (6) The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Ultimately, courts are required to impose a sentence that is "sufficient but not greater than necessary, to comply with the purposes of sentencing as set forth in paragraph (2)." *Id.* While a court is not required to consider individually each of the Section 3553(a) factors, *see United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005), it should engage in a "holistic inquiry" of those sentencing factors. *United States v. Lente*, 759 F.3d 1149, 1174 (10th Cir. 2014). A sentence imposed is reviewed on appeal for reasonableness in light of the evidence and the Section 3553(a) factors. *United States v. Pena*, 963 F.3d 1016, 1024 (10th Cir. 2020) ("Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)"). If a district court decides to vary from the applicable guideline range, it must consider the extent of the variation and ensure the justification is sufficiently compelling. *Id.* at 1028–29.

In this case, the Court concludes that an upward variance to Offense Level 24 is warranted for two reasons. First, the Court considers the Section 3553(a) factors and finds that a 2-level upward adjustment under U.S.S.G. § 2A6.1(b)(2)(A) does not sufficiently reflect the serious nature of the offenses or his history and characteristics, so the Court varies upward by two additional levels. The offenses include a large volume of escalating threats that Mr.

Thornton made to multiple individuals, including his ex-wife, father, and employees of D-WAVE, and the effect these threats have had on them. The Court also notes that even after his arrest and detention on these charges, Mr. Thornton continued his threatening communications. For example, he threatened to kill "E.L.," the victim subject to Mr. Thornton's threats charged in Counts 3, 5, and 6. Moreover, Mr. Thornton's Criminal History Category significantly underrepresents the seriousness of his criminal history, which includes multiple domestic violence charges. Although Mr. Thornton was not convicted of the charges, the Court is concerned with his apparent pattern of violence coupled with his clear threats in this case. As a result, the Court varies upward 2 levels to sufficiently reflect the volume and serious nature of the threats and Mr. Thornton's history of violence.

Second, the Court finds Mr. Thornton disqualified himself from receiving a 2-level downward adjustment under U.S.S.G. § 3E1.1(a), Acceptance of Responsibility, therefor, the Court will not apply that downward adjustment. Since his plea of guilty, Mr. Thornton has engaged in a pervasive pattern of highly inflammatory, abusive, and frivolous claims directed at his court-appointed attorneys (five), prosecutors, case agent, and this Court. *See* (Docs. 178–222). Finally, at sentencing, Mr. Thornton's outburst and open-court obstreperousness, has convinced this Court that he does not exhibit or express even the minimum level of remorse and contrition that is expected from a defendant deserving a sentencing reduction under this Section.

At his sentencing hearing, Mr. Thornton failed to yield to the Court's instruction to comport himself appropriately and sit down. Instead, he continued his high-volume, non-sensical tirade against the prosecutors. As a result, the Court had him removed from the Courtroom. Several minutes later, in order to allow Mr. Thornton another opportunity to be present at his own sentencing, the Court requested he be returned to the Courtroom, at which

time—and while the Court was warning Mr. Thornton about his need to conform to Courtroom rules and etiquette—he interrupted the Court and stood, hollering words to the effect, "I can't do this." He then voluntarily departed the Courtroom under United States Marshal's escort. The Court considered continuing the hearing until such time that Mr. Thornton would be able to comport himself appropriately but based on his history during the pendency of sentencing, the Court has no faith in a different outcome in his conduct. *Illinois v. Allen*, 398 U.S. 337, 343 (1970) (describing trial court's discretion to remove an unruly defendant). Therefore, the Court proceeded to sentencing Mr. Thornton in absentia.

The Court also considered mitigating arguments from defense counsel, including Mr. Thornton's loss of his mother at a young age, the lack of criminal conduct, his mental health, and his age. The Court is not persuaded. While the Court is sympathetic of Mr. Thornton's loss of his mother, her untimely death occurred when he was approximately 30 years old, and not during his formative years. As described above, while having no criminal convictions, Mr. Thornton's history includes multiple violent episodes involving domestic partners. His threats to his ex-wife in this case are consistent with that history. The Court also notes Mr. Thornton's mental condition and diagnosis, as evaluated by forensic psychologists at FMC-Devens and agrees with defense counsel that no sentence shall be imposed as a result of an individual's mental illness. Rather, the sentence imposed here is as a result of Mr. Thornton's criminal conduct and intended to (1) reflect the seriousness of that criminal conduct, promote respect for the law and provide a just punishment; (2) to adequately deter future criminal conduct; (3) to protect the public, including his ex-spouse, father, and others in the community; and (4) to promote respect for the law. Any mitigating argument concerning Mr. Thornton's current age (42) or his age at the time of his offenses (39) or age at his release are not persuasive.

*III.  Conclusion*

This Court maintains discretion to vary upward and has decided to do so. By varying upward and deciding not apply the 2-level downward adjustment for acceptance of responsibility, the resulting Offense Level is 24; with a Criminal History Category of I, the Guideline imprisonment range is 51-63 months. For the foregoing reasons and those stated on the record, the Court concludes that a sentence of 60 months is sufficient, and not more than necessary, to accomplish the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

Therefore, it is the judgment of this Court that Mr. Thornton be committed to the custody of the Bureau of Prisons for a term of 60 months.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE