Query    Reports    Utilities    Help    What's New    Log Out

TERMED

# U.S. District Court - District of Colorado
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: 1:25-mj-00091-TPO-1

Case title: USA v. Thornton                                      Date Filed: 04/25/2025

Other court case number: 2:21-cr-00878-KG-JFR District of New Mexico    Date Terminated: 05/06/2025
(Las Cruces)

---

Assigned to: Magistrate Judge Timothy P O'Hara

## CR 21-878 KG-JFR

**Defendant (1)**

**John Benjamin Thornton**                     represented by   **John Benjamin Thornton**
*TERMINATED: 05/06/2025*                                         #486428
                                                                Washington County Justice Center
                                                                26861 Highway 34
                                                                Akron, CO 80720-9484
                                                                PRO SE

                                                                **Jason Dale Schall**
                                                                Bowlin & Schall Law LLC
                                                                7350 East Progress Place
                                                                Suite 100
                                                                Greenwood Village, CO 80111
                                                                720-505-3861
                                                                Email: jason@bowsch.com
                                                                *TERMINATED: 04/29/2025*
                                                                *Designation: CJA Appointment*

**Pending Counts**                                              **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                           **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                  **Disposition**

(1) 18 U.S.C. § 3583 - Violation of Supervised
Release After Imprisonment

---

CM/ECF - U.S. District Court:cod                                           https://cod-ecf.sso.dcn/cgi-bin/DktRpt.pl?139962233852908-L_1_0-1

Case 2:21-cr-00878-KG-JFR    Document 269    Filed 05/08/25    Page 2 of 28

**Plaintiff**

**USA**                                                    represented by    **Alecia Lynne Riewerts**
                                                                            U.S. Attorney's Office
                                                                            District of Colorado
                                                                            1801 California Street
                                                                            Suite 1600
                                                                            Denver, CO 80202
                                                                            303-454-0100
                                                                            Fax: 303-454-0406
                                                                            Email: Alecia.Riewerts@usdoj.gov
                                                                            *LEAD ATTORNEY*
                                                                            *ATTORNEY TO BE NOTICED*
                                                                            *Designation: Federal Agency Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/25/2025 | 1 | RULE 5 AFFIDAVIT as to John Benjamin Thornton (1) from the District of New Mexico. (Attachments: # 1 Page 2 Arrest warrant Rule 5) (dgumb, ) (Entered: 04/25/2025) |
| 04/25/2025 | 2 | Arrest of John Benjamin Thornton. Initial Appearance - Rule 5 set for 4/25/2025 02:00 PM in Courtroom C402 before Magistrate Judge Timothy P O'Hara. Text only entry.(dgumb, ) (Entered: 04/25/2025) |
| 04/25/2025 | 3 | NOTICE OF ATTORNEY APPEARANCE: Jason Dale Schall appearing for John Benjamin ThorntonAttorney Jason Dale Schall added to party John Benjamin Thornton(pty:dft) (Schall, Jason) (Entered: 04/25/2025) |
| 04/25/2025 | 4 | MINUTE ENTRY for Initial Appearance in Rule 5(c)(3) Proceedings as to John Benjamin Thornton held on 4/25/2025 before Magistrate Judge Timothy P O'Hara. Defendant present in custody. Defendant advised. Court appoints counsel. Government requests detention. Defendant contests detention. Preliminary, Identity, and Detention Hearings set for 4/29/2025 at 02:00 PM in Courtroom C402 before Magistrate Judge Timothy P O'Hara. Advisement pursuant to Brady v. Maryland. Defendant remanded. Hearing concluded. (Total time: 11 minutes, Hearing time: 2:58 - 3:09)<br><br>**APPEARANCES:** Alecia Riewerts on behalf of the Government, Kelly Christl on behalf of the defendant, Kenneth Evans on behalf of pretrial. FTR: C402. Text Only Entry. (jtorr, ) (Entered: 04/28/2025) |
| 04/25/2025 | 5 | CJA 23 Financial Affidavit by John Benjamin Thornton. (jtorr, ) (Entered: 04/28/2025) |
| 04/25/2025 | 6 | ORDER APPOINTING COUNSEL as to John Benjamin Thornton by Magistrate Judge Timothy P O'Hara on 4/25/2025. Text Only Entry. (jtorr, ) (Entered: 04/28/2025) |
| 04/29/2025 | 7 | MINUTE ENTRY for Identity, Preliminary, and Detention Hearings as to John Benjamin Thornton held on 4/29/2025 before Magistrate Judge Timothy P O'Hara. Defendant present in custody. Defendant advises the Court of his intent to proceed pro se. The Court advises defendant regarding his right to an attorney, pro se representation, and the scope of subsequent proceedings. Defendant acknowledges the Court's advisement and confirms his intent to proceed pro se. The Court finds defendant has shown a sufficient understanding of his right to an attorney and the scope of subsequent proceedings. Defendant makes an oral Motion to continue the Identity, Preliminary, and Detention Hearings. Government does not oppose defendant's oral Motion. The Court GRANTS defendant's oral Motion. Identity, Preliminary, and Detention Hearings continued to 5/6/2025 at 11:00 AM in Courtroom C402 before Magistrate Judge Timothy P O'Hara. The Court admits defendant's handwritten pleading and directs the Clerk of Court to file it under Level 2 restriction and mail a copy to defendant at the Washington County Justice Center. Counsel for defendant makes an oral Motion to withdraw as attorney. The Court GRANTS defendant's oral Motion. Accordingly, attorney Jason Schall is hereby TERMINATED as counsel of record in this case. Defendant |

2 of 4                                                                                    5/8/2025, 10:21 AM

| | | |
|---|---|---|
| | | remanded. Hearing concluded. (Total time: 44 minutes, Hearing time: 2:56 - 3:40)<br><br>**APPEARANCES:** Alecia Riewerts on behalf of the Government, Jason Schall on behalf of the defendant, Kenneth Evans on behalf of probation. FTR: C402. Text Only Entry. (jtorr, ) (Entered: 04/30/2025) |
| 04/29/2025 | 8 | RESTRICTED DOCUMENT - Level 2 by John Benjamin Thornton. (jtorr, ) (Entered: 04/30/2025) |
| 04/29/2025 | 9 | CERTIFICATE of Service via USPS by Clerk of Court re 7 Minute Entry and 8 Restricted Document - Level 2 to John Benjamin Thornton, #486428, Washington County Justice Center, 26861 Highway 34, Akron, CO 80720-9484. Text Only Entry. (jtorr, ) (Entered: 04/30/2025) |
| 05/05/2025 | 11 | MOTION to Suppress Evidence by John Benjamin Thornton. (jtorr, ) (Entered: 05/06/2025) |
| 05/06/2025 | 10 | MOTION to Extend Time Limits Fed. R. Crim. P. 5.1(d) by John Benjamin Thornton. (jtorr, ) (Entered: 05/06/2025) |
| 05/06/2025 | 12 | MINUTE ENTRY for Identity, Preliminary, and Detention Hearings as to John Benjamin Thornton held on 5/6/2025 before Magistrate Judge Timothy P O'Hara. Defendant present in custody. The Court first addresses defendant's Motion filed at ECF 8 . Defendant offers clarification regarding the relief sought in ECF 8 . The Court **DENIES** ECF 8 to the extent it seeks dismissal of this action. The Court addresses next defendant's Motion to Suppress Evidence [ECF 11 ]. Arguments by defendant. The Court **DENIES** defendant's Motion to Suppress Evidence [ECF 11 ] without prejudice to defendant refiling the Motion in the District of New Mexico. The Court addresses next defendant's Motion to Extend Time Limits Fed. R. Crim. P. 5.1(d) [ECF 10 ]. Defendant makes an oral Motion to withdraw ECF 10 . Government does not oppose defendant's oral Motion. The Court **GRANTS** defendant's oral Motion to withdraw ECF 10 . Defendant's Motion to Extend Time Limits Fed. R. Crim. P. 5.1(d) [ECF 10 ] is hereby **WITHDRAWN**. The Court admits government's Exhibits 1 - 9 into evidence for the purposes of today's proceedings. The Court directs the Clerk of Court to maintain government's Exhibits 3, 5, 6, 7, and 9 under Level 1 restriction. Government's witness Kenneth Evans called and sworn. Government conducts direct examination. Defendant conducts cross examination. Government conducts redirect examination. Witness excused. Defendant offers evidence by way of proffer. Defendant does not contest the issue of identity. The Court finds defendant is the individual named in the Arrest Warrant [ECF 1 ]. Arguments by the parties on the issue of probable cause. The Court finds the government has established probable cause in this case. Government requests detention. Defendant contests detention. Arguments by the parties. Defendant ordered detained. Commitment to Another District Executed. Defendant remanded. Hearing concluded. (Total time: 1 hour 50 minutes, Hearing time: 11:15 - 1:05)<br><br>**APPEARANCES:** Alecia Riewerts on behalf of the Government, Defendant Pro Se, Kenneth Evans on behalf of probation. FTR: C402. Text Only Entry. (jtorr, ) (Entered: 05/06/2025) |
| 05/06/2025 | 13 | EXHIBITS to 12 Minute Entry by USA as to John Benjamin Thornton. (Attachments: # 1 Exhibit 2, # 2 Exhibit 4, # 3 Exhibit 8)(jtorr, ) (Entered: 05/06/2025) |
| 05/06/2025 | 14 | RESTRICTED DOCUMENT - Level 1 re: 12 Minute Entry by USA as to John Benjamin Thornton. (Attachments: # 1 Continuation of Main Document, # 2 Continuation of Main Document, # 3 Continuation of Main Document, # 4 Continuation of Main Document)(jtorr, ) (Entered: 05/06/2025) |
| 05/06/2025 | 15 | COMMITMENT TO ANOTHER DISTRICT as to John Benjamin Thornton. Defendant committed to District of New Mexico.Entered by Magistrate Judge Timothy P O'Hara on 5/6/2025. (jtorr, ) (Entered: 05/06/2025) |
| 05/06/2025 | 16 | Notice to District of New Mexico of Rule 5 or 32 or 40 Initial Appearance as to John Benjamin Thornton. Please use PACER court links to access the public docket and documents. If the District of Colorado has a surrendered passport, it is being mailed to your court via USPS certified mail with return receipt. For a bond transmittal, please contact our case administration specialist at [cod_docketing@cod.uscourts.gov] If you wish to designate a different email address for future transfers, please send your request to InterdistrictTransfer_TXND@txnd.uscourts.gov. Your case number is: 2:21CR00878-001-KG. (Text Only Entry) (jtorr, ) (Entered: 05/06/2025) |

| 05/06/2025 | 17 | MAGISTRATE CASE TERMINATED as to John Benjamin Thornton on 5/6/2025. Text Only Entry. (jtorr, ) (Entered: 05/06/2025) |
|---|---|---|
| 05/06/2025 | 18 | CERTIFICATE of Service via USPS re 10 Motion to Extend Time Limits Fed. R. Crim. P. 5.1(d), 11 Motion to Suppress Evidence, 12 Minute Entry, 13 Exhibits, 14 Restricted Document - Level 1, 15 Commitment to Another District, 16 Notice to District of New Mexico, and 17 Magistrate Case Terminated to John Benjamin Thornton, #486428, Washington County Justice Center, 26861 Highway 34, Akron, CO 80720-9484. Text Only Entry. (jtorr, ) (Entered: 05/06/2025) |
| 05/06/2025 | 19 | ORDER OF DETENTION as to John Benjamin Thornton by Magistrate Judge Timothy P O'Hara on 5/6/2025. (msmot, ) (Entered: 05/07/2025) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:25-mj-00091-TPO

UNITED STATES OF AMERICA,

   Plaintiff,

v.

JOHN THORNTON,

   Defendant.

---

**ENTRY OF APPEARANCE OF COUNSEL**

---

   To:   The clerk of court and all parties of record:

   I hereby certify that I am a member in good standing of the bar of this Court,

and that I appear in this case pursuant to a Criminal Justice Act appointment as

counsel for defendant John Thornton.

   DATED this 25th day of April 2025.

_/s/   Jason D. Schall_
Jason D. Schall
Bowlin & Schall LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com

Attorney for John Thornton

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100

I hereby certify that I will mail or serve the filing to the following participant:

Mr. John Thornton

*/s/    Jason D. Schall*
Jason D. Schall

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10:34 am, May 06, 2025
JEFFREY P. COLWELL, CLERK

United States District Court
For The District Of Colorado

United States Of America
V.                            1:25-mj-00091-TPO
John Benjamin Thornton

## Motion To Extend Time Limits
### Fed. R. Crim. P. 5.1(d)

To the Honorable Magistrate Judge of said Court, comes now, the Pro Se Defendant, John Benjamin Thornton, to respectfully move the Court to extend the time limit for a preliminary hearing, detention hearing, and identity hearing. As grounds, I would show the following:

I

"Loper Bright Enters framework requires Rule 37 action". On 04-29-25, an objective motion to dismiss was filed personally, during the Court proceeding that is adherent to Fed. R. Crim. P. 37, "pending appeal". DNM-2:25-CV-00249-KG-JFR. (R. 37(a)(3))

II

Fed. R. Civ Proc. R. 60(b)(3) in this docket (DNM) requires a civil rules emergency action. (R. 60(d)(3).)

On 05-02-25 a Fed. R. App. P. 12.1 Notice was filed into "legal mail" at the Washington County Justice Center, to The Tenth Circuit Court Of Appeals. Postal service is discriminatory without relief. (timely)

### III

(Pursuant to USCS Jud. Con. And Disab. Proc. 5(a)) The notice details Fed. R. Civ. P. 15(2) amendments to DNM case # 2:25-CV-00249-KG-JFR that are vital to this Court. This is a substantial issue, because 25-1035 (case) is a 10th Circ. filing, that the Tenth Circuit Court Of Appeals can now maintain jurisdiction, and remand authority to rule, on "clear and convincing evidence", that affects the terms of supervised release, and strikes an 18 USC § 4241 proceeding that Judge Kenneth J. Gonzales ORDERED on a "preponderance of evidence standard". (Banks V. Dretke 540 U.S. 668, Napue V. Illinois 360 U.S. 264) Case: 2:21-cr-878-KG.

### IV

All U.S. Probation excisions will be OBJECTED. It is for these clear and convincing reasons that a motion to extend the time limits should be granted for good cause. The amount of time to extend is needed for "AUSA concurrence", pursuant to Fed. R. Evid. 607,

at the Courts discretion, in the best interest of justice, pursuant to the "Loper Bright Framework". (Loper Bright Enters. V. Raimondo 603 U.S. 369) "without deference to Attorney General Bondi". Respectfully submitted by:

Pro Se Defendant
John Benjamin Thornton

John Thornton
05/05/25


John Benjamin Thornton
B 250.212
Washington County Justice Center
26861 US HWY 34
Akron, CO 80720

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 05 2025

JEFFREY P. COLWELL
CLERK

United States District Court for
The District Of Colorado

United States Of America
V.                          1: 25-mj-00091-TPO
John Benjamin Thornton

Motion to suppress evidence

To The Honorable Magistrate Judge of said Court, comes now The Defendant, John Benjamin Thornton, to respectfully move the Court to suppress all e-mail evidence. As grounds I would show the following:

I

Nowhere in the arrest petition does it say I failed to "call", or "see" personally, every day. Nowhere in the arrest petition does it say I failed to disclose that I had an e-mail, and the social media restricted computers that are for community usage, that I used. I have never ran from law enforcement or resisted arrest. I am terrified of ending up in a pool of my own blood in *New Mexico*.

II

The issue with 18 USC § 1030 (e)(1) is the term "effectively monitored". The term is time irrelevant. "when the meaning of a

statute was at issue, the judicial role was to interpret the act of Congress in order to ascertain the rights of the parties" (Decatur V. Paulding 39 U.S. 497)

"Wire and oral communications can only be monitored for certain offenses all other content cannot be submitted into evidence" (United States V. Giordano 416 U.S. 505)

"Censorship of prisoner mail worked a consequential restriction on the First and Fourteenth Amendment Rights of those who were not prisoners" (Procunier V. Martinez 416 U.S. 396)

Senator Hickenlooper has a Constitutional Right to be a party to, and see the reaction to my legal e-mails. When they were analyzed and shown to not be threatening, they were effectively monitored pursuant to 18 USC § 1030(e)(1). "This is clear and convincing evidence that no reasonable fact finder in an exercise of due diligence" could find probable cause in the evidence. (Banks V. Dretke 540 U.S. 668)

My arrest pursuant to 18 USC § 1030(e)(1) is a Fourth Amendment illegal seizure for myself, and a First and Fourteenth Amendment retaliation for Senator Hickenlooper.

"The Court must now exercise its own independent judgement to determine if the agency (U.S. Probation) has acted outside of its authority".
(Loper Bright Enters. V. Raimondo 603 U.S. 369)

It is for these reasons to suppress evidence, that a detention order for release should be granted pursuant to Fed. R. Crim. P. 40(c) "to remain in Colorado as a faithful constituent to Senator HickenLooper."

It is for these grounds, that this motion to suppress evidence; should be granted.

Respectfully submitted,

Pro Se Defendant
John Benjamin Thornton

John Thornton
4-30-25

John Benjamin Thornton
Booking # B250212
Washington County Justice Center
26861 HWY 34
Akron, CO 80720

DENVER CO 802

2 MAY 2025 PM 5 L

USA ★ FOREVER

Name John Thornton
Booking # 12356232
Washington Co Justice Center
26861 Hwy 34
Akron, CO 80720

[Legal Mail]


Clerk of Court
U.S. Courthouse
901 19th Street
Denver, CO 80294

80294-250151

NOTICE!
This correspondence was mailed
from an institution operated by
The Washington County Sheriff's Office
(It's contents are uncensored)



THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

FSC
MIX
Envelope
FSC® C137131

© USPS 2019

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT
## District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v. | **Judgment in a Criminal Case** |
| **JOHN BENJAMIN THORNTON** | Case Number: **2:21CR00878-001KG**<br>USM Number: **46944-509**<br>Defendant's Attorney: **Steven Almanza, Appointed** |

## THE DEFENDANT:

☒  pleaded guilty to count(s) **SS 1 through 9**.

☐  pleaded nolo contendere to count(s)  which was accepted by the court.

☐  was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Sec. 2261A(2)(B) and 18 U.S.C. Sec. 2261(b) | Cyberstalking | 05/23/2021 | SS1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 .

☐  The defendant has been found not guilty on count(s) .

☐  Count(s)  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**12/14/2023**
Date of Imposition of Judgment

**/s/ Kenneth J. Gonzales**
Signature of Judge

**Honorable Kenneth J. Gonzales**
**United States District Judge**
Name and Title of Judge

**12/21/2023**
Date



GOVERNMENT
EXHIBIT

1

AO 245B (Rev. 09/19)     Judgment in a Criminal Case
                         Sheet 1A                                                                    Judgment - Page 2 of 8

DEFENDANT: **JOHN BENJAMIN THORNTON**
CASE NUMBER: **2:21CR00878-001KG**

## ADDITIONAL COUNTS OF CONVICTION

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count* |
|---|---|---|---|
| 18 U.S.C. Sec. 875(c) | Threats in Interstate Commerce | 02/04/2021 | SS2 |
| 18 U.S.C. Sec. 875(c) | Threats in Interstate Commerce | 02/16/2021 | SS3 |
| 18 U.S.C. Sec. 875(c) | Threats in Interstate Commerce | 04/03/2021 | SS4 |
| 18 U.S.C. Sec. 875(c) | Threats in Interstate Commerce | 04/10/2021 | SS5 |
| 18 U.S.C. Sec. 875(c) | Threats in Interstate Commerce | 05/12/2021 | SS6 |
| 18 U.S.C. Sec. 875(c) | Threats in Interstate Commerce | 05/18/2021 | SS7 |
| 18 U.S.C. Sec. 875(c) | Threats in Interstate Commerce | 05/18/2021 | SS8 |
| 18 U.S.C. Sec. 875(c) | Threats in Interstate Commerce | 05/23/2021 | SS9 |

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 2 - Imprisonment                                                    Judgment - Page 3 of 8

DEFENDANT: **JOHN BENJAMIN THORNTON**
CASE NUMBER: **2:21CR00878-001KG**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **60   months.**

**A term of 60 months is imposed as to each Counts 1 through 9; said terms will run concurrently.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
    ☐   at  on .
    ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on .
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____  to

_____ at _____ with a certified copy of this judgment.


                                                      _____
                                                      UNITED STATES MARSHAL

                                         By  _____
                                                    DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)     Judgment in a Criminal Case
                         Sheet 3 – Supervised Release                                                      Judgment - Page 4 of 8

DEFENDANT: **JOHN BENJAMIN THORNTON**
CASE NUMBER: **2:21CR00878-001KG**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **3years** .
**A term of 3 Years is imposed as to each Counts 1 through 9; said terms will run concurrently.**

### MANDATORY CONDITIONS

1.  You must not commit another federal, state, or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, local, or tribal sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(Check, if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Case 2:21-cr-00878-KG   Document 241   Filed 12/22/23   Page 5 of 8

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require you to notify that person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 5 – Special Conditions                                          Judgment - Page 6 of 8

DEFENDANT: **JOHN BENJAMIN THORNTON**
CASE NUMBER: **2:21CR00878-001KG**

## SPECIAL CONDITIONS OF SUPERVISION

You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You may be required to pay all, or a portion, of the costs of the program.

You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous mental health evaluations and/or other pertinent treatment records to the treatment provider.

You must reside in a residential reentry center for a term of (up to) 180 days.  You must follow the rules and regulations of the center.

You must cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring Program (CRMP): You may possess or use a computer(s) (as defined in 18 U.S.C. 1030(e)(1)) or an internet capable device under certain conditions. This is not a prohibition on lawful computer or internet capable device use, but a restriction on the type of computer or internet capable device you may use. First, you must identify to the probation officer your computer or internet capable device(s), data storage device(s), or any other electronic equipment capable of storing, retrieving, and/or accessing data that you possess or use. You will agree to only use the computer or internet capable device(s) you have disclosed to the probation officer. Second, you must allow the installation of monitoring software/hardware on your computer or internet capable device(s), at your expense, and you must refrain from attempting to interfere with the operation of that software/hardware. Periodic searches shall be conducted to determine whether the monitoring software is functioning effectively after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation. You understand that the software will record all activity on your computer or internet capable device(s), and you shall inform any other users that said computer or internet capable device(s) are subject to monitoring. A computer or internet capable device that is not able to be effectively monitored will not be approved for use. Third, you must disclose any username or identification(s) and password(s) for all computer or internet capable devices. Fourth, you must submit to the probation officer, upon request, any cellular or telephone/internet service provider billing records or receipts, to verify that you are not utilizing services that are prohibited.

You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed more than 60 test(s) per year.  Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the substance abuse testing methods. You may be required to pay all, or a portion, of the costs of the testing.

(You must not communicate, or otherwise interact, with the victim(s), either directly or through someone else without prior approval of the probation officer. The defendant is further prohibited from making direct or indirect threats to others, including the victims of the offense, by any means, electronic or otherwise including written correspondence, the use of social media applications, direct/text messaging

applications, or any electronic format to include electronic mail (e-mail). This includes but is not limited to the victims of the instant offense. The defendant is prohibited from having contact with the victims, specifically the victims with whom he maintains familial ties, either directly or through someone else by any of these platforms without prior approval of the probation officer. The defendant must disclose any username or identification(s) and password(s) for all electronic accounts.

You must not communicate, or otherwise interact, with Tara Amanda Thompson, either directly or through someone else.

The defendant abide by any custody agreement filed in the 309th District Court located in Harris County, Texas.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____         Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 – Criminal Monetary Penalties                                                          Judgment - Page 8 of 8

DEFENDANT: **JOHN BENJAMIN THORNTON**
CASE NUMBER: **2:21CR00878-001KG**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

☐   The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| **Totals:** | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| | **$900.00** | **$** | **$15,000.00** | **$** | **$** |

☐   The determination of the restitution is deferred until . An *Amended Judgment in a Criminal Case* will be entered after such determination.
☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☒   In full immediately; or

B   ☐   $ due immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Court finds the Mandatory Restitution Act of 1996 is applicable in this case. The Court intends to order restitution; however, restitution has not yet been determined. Therefore, the Court will establish a restitution amount and schedule at a later date.**

**The defendant will pay a fine of $15,000. This sum will be paid in increments of $417 per month or 10% of his gross income, whichever is higher. This will allow the defendant to pay the balance in full prior to the expiration of his TSR.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

Case 2:21-cr-00878-KG-JFR Document 269 Filed 05/08/25 Page 22 of 28
Case No. 2:23-mj-08709-KG-JFR Document 26 Filed 04/25/25 USDC Colorado Page 22 of 48  1
of 5

AO 442 (Rev. 08/14) Arrest Warrant

ACCEPTED
U.S. MARSHALS SERVICE
ALBUQUERQUE NM-ZOO

# UNITED STATES DISTRICT COURT
## for the
### District of New Mexico

2025 APR 24  AM 8: 17

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 1084 2:21CR00878- 001KG |
| John Benjamin Thornton | ) |
| *Defendant* | ) |

## ARREST WARRANT

GOVERNMENT
EXHIBIT
2

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States Magistrate Judge without unnecessary delay (name of person to be arrested) John Benjamin Thornton

Also Known As: Thornton, John Benjamine
Also Known As: Thornton, John B

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding          ☐ Information   ☐ Superseding Information   ☐ Complaint
                   Indictment
☐ Probation Violation Petition   ☒ Supervised Release Violation Petition   ☐ Violation   ☐ Order of the
                                                                            Notice      Court

This offense is briefly described as follows:
You must report to the probation office in the federal district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame, You must cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring Program (CRMP), and You must follow the instructions of the probation officer related to the conditions of supervision.

Date:    4/22/2025

*Issuing Officer's signature*

City and state:    Albuquerque, NM

MITCHELL R. ELFERS, CLERK OF COURT
*Printed name and title*

| Return |
|---|
| This warrant was received on (date) _____, and the person was arrested on (date) _____ at (city and state) _____. |
| Date: _____                    _____
                                              *Arresting officer's signature* |



AO 442 (Rev. 08/14) Arrest Warrant (page 2)

_Printed name and title_

PROB 12C - (Rev. D/NM-8/2014)                                                                 7537763

## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF NEW MEXICO

### Petition for Revocation of Supervised Release

| | |
|---|---|
| Name of Offender: | John Benjamin Thornton |
| Docket Number: | 1084 2:21CR00878-001KG |
| Assigned Judge: | Honorable Kenneth J. Gonzales, Chief United States District Judge |
| Date of Original Sentence: | 12/14/2023 |
| Original Offense: | Count 1: 18 U.S.C. § 2261A(2)(B), 18 U.S.C. § 2261(b): Cyberstalking |
| | Counts 2 -9: 18 U.S.C. § 875(c): Threats in Interstate Commerce |
| Original Sentence: | BOP: 60 months; as to each Counts 1 through 9; said terms will run concurrently. |
| | TSR: 3 years  as to each Counts 1 through 9; said terms will run concurrently. |
| Date Supervision Commenced: | 03/27/2025 |
| Date Supervision Expires: | 03/26/2028 |
| Other Court Action: | None |

## PETITIONING THE COURT

To issue a warrant.

U.S. Probation Officer of the Court, Donna C. Lucero, alleges the defendant has violated the following condition(s) of supervised release.

| Violation Type | Nature of Noncompliance |
|---|---|
| MC | You must report to the probation office in the federal district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. |
| | On March 27, 2025, the defendant was released from the custody of the Bureau of Prisons (BOP) and instructed by the BOP to report to the District of New Mexico, Albuquerque Division. On March 31, 2025, the defendant reported to the District of Colorado, Denver Division; therefore, he failed to report as instructed. |
| SPC | You must cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring Program (CRMP): You may possess or use a computer(s) (as defined in 18 U.S.C. 1030(e)(1)) or an internet capable device under certain conditions. This is not a prohibition on lawful computer or internet capable device use, but a restriction on the type of computer or internet capable device you may use. First, you must identify to the probation officer your computer or internet capable device(s), data storage device(s), or any other electronic equipment capable of storing, retrieving, and/or accessing data that you possess or use. You will agree to only use the computer or internet capable device(s) you have disclosed to the probation officer. Second, you must allow the installation of monitoring |

GOVERNMENT EXHIBIT

4

software/hardware on your computer or internet capable device(s), at your expense, and you must refrain from attempting to interfere with the operation of that software/hardware. Periodic searches shall be conducted to determine whether the monitoring software is functioning effectively after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation. You understand that the software will record all activity on your computer or internet capable device(s), and you shall inform any other users that said computer or internet capable device(s) are subject to monitoring. A computer or internet capable device that is not able to be effectively monitored will not be approved for use. Third, you must disclose any username or identification(s) and password(s) for all computer or internet capable devices. Fourth, you must submit to the probation officer, upon request, any cellular or telephone/internet service provider billing records or receipts, to verify that you are not utilizing services that are prohibited.

On April 2, 2025, the defendant was reminded of his CRMP condition and instructed him not to access any computers until his use can be properly monitored by the U.S. Probation Office. On April 15, 2025, and April 17, 2025, the defendant accessed an unmonitored computer to access his email address JohnThornton84@protonmial.com.

SC       You must follow the instructions of the probation officer related to the conditions of supervision.

On April 16, 2025, the defendant was instructed not to contact any of the District of New Mexico Court personnel. The defendant stated he understood; however, on April 17, 2025, the defendant contacted Chief United States District Judge Gonzales', chambers via email. Therefore, he failed to follow the probation officer's instructions.

The maximum statutory penalty:  2 years imprisonment; 3 years supervised release.
The revocation range of imprisonment:  3 to 9 months.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on 04/22/2025.


Submitted:                                      ☒ Concurs


_Donna C. Lucero_
Donna C. Lucero                                 Joni Autrey Stahl
Senior U.S. Probation Officer                   Assistant U.S. Attorney
Cell #: 575-635-8534                            (575) 522-2304



                                                Date: 04/22/2025



GOVERNMENT
EXHIBIT

8

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JOHN BENJAMIN THORNTON | ) | Case No.   25-mj-00091-TPO |
| | ) | |
| | ) | Charging-District's |
| Defendant | ) | Case No.    2:21CR00878-001 KG |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of New Mexico  ,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language:

N/A _____ .

The defendant:    ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:  5/6/25

_____
*Judge's signature*

Timothy P. O'Hara - US Magistrate Judge

*Printed name and title*