AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
## District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
| V. | (For **Revocation** of Probation or Supervised Release) |
| **John Benjamin Thornton** | Case Number: **2:21CR00878-001KG** |
| | USM Number: **46944-509** |
| | Defendant's Attorney: **Marshall Ray** |

**THE DEFENDANT:**

☐ admitted guilt to violations of condition(s) of the term of supervision.

☒ was found in violation of condition(s) **Mandatory, Special, Standard** after denial of guilt.

The defendant is adjudicated guilty of these violations:

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| Mandatory Condition | The defendant failed to report to the probation office. | 03/31/2025 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **0174** | **7/2/2025** |
| Last Four Digits of Defendant's Soc. Sec. No. | Date of Imposition of Judgment |
| | |
| **1981** | **/s/ Kenneth J. Gonzales** |
| Defendant's Year of Birth | Signature of Judge |
| | |
| | **Honorable Kenneth J. Gonzales** |
| **Denver, CO** | **Chief United States District Judge** |
| City and State of Defendant's Residence | Name and Title of Judge |
| | |
| | **7/3/2025** |
| | Date |

AO 245D (Rev. 09/19)  Judgment in a Criminal Case for Revocations
Sheet 1A                                                                                        Judgment - Page 2 of 7

DEFENDANT: **John Benjamin Thornton**
CASE NUMBER: **2:21CR00878-001KG**

# ADDITIONAL VIOLATIONS

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| Special Condition | The defendant failed to cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring program. | 04/17/2025 |
| Standard Condition | The defendant failed to follow the instructions of the probation officer related to the conditions of supervision. | 04/17/2025 |

DEFENDANT: **John Benjamin Thornton**  
CASE NUMBER: **2:21CR00878-001KG**

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **5 months**.

**5 months, or until the Defendant secures appropriate housing through a VA program.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at on .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

_____ at _____ with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By _____  
    DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 3 Supervised Release                                                                                  Judgment - Page 4 of 7

DEFENDANT: **John Benjamin Thornton**
CASE NUMBER: **2:21CR00878-001KG**

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **3 years** .

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, local, or tribal sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require you to notify that person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 5 – Special Conditions                                                                                              Judgment - Page 6 of 7

DEFENDANT: **John Benjamin Thornton**
CASE NUMBER: **2:21CR00878-001KG**

## SPECIAL CONDITIONS OF SUPERVISION

**You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You may be required to pay all, or a portion, of the costs of the program.**

**You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous mental health evaluations and/or other pertinent treatment records to the treatment provider.**

**You must reside in a residential reentry center, transitional living program or similar program for a term of 180 days. You are to commence upon release from confinement or upon the first available vacancy. You must follow the rules and regulations of the program.**

**You must cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring Program (CRMP): You may possess or use a computer(s) (as defined in 18 U.S.C. 1030(e)(1)) or an internet capable device under certain conditions. This is not a prohibition on lawful computer or internet capable device use, but a restriction on the type of computer or internet capable device you may use. First, you must identify to the probation officer your computer or internet capable device(s), data storage device(s), or any other electronic equipment capable of storing, retrieving, and/or accessing data that you possess or use. You will agree to only use the computer or internet capable device(s) you have disclosed to the probation officer. Second, you must allow the installation of monitoring software/hardware on your computer or internet capable device(s), at your expense, and you must refrain from attempting to interfere with the operation of that software/hardware. Periodic searches shall be conducted to determine whether the monitoring software is functioning effectively after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation. You understand that the software will record all activity on your computer or internet capable device(s), and you shall inform any other users that said computer or internet capable device(s) are subject to monitoring. A computer or internet capable device that is not able to be effectively monitored will not be approved for use. Third, you must disclose any username or identification(s) and password(s) for all computer or internet capable devices. Fourth, you must submit to the probation officer, upon request, any cellular or telephone/internet service provider billing records or receipts, to verify that you are not utilizing services that are prohibited.**

**You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed more than 60 test(s) per year. Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the substance abuse testing methods. You may be required to pay all, or a portion, of the costs of the testing.**

**You must not communicate, or otherwise interact, with the victim(s), either directly or through someone else without prior approval of the probation officer. The defendant is further prohibited from making direct or indirect threats to others, including the victims of the offense, by any means, electronic or otherwise including written correspondence, the use of social media applications, direct/text messaging**

**applications, or any electronic format to include electronic mail (e-mail). This includes but is not limited to the victims of the instant offense. The defendant is prohibited from having contact with the victims, specifically the victims with whom he maintains familial ties, either directly or through someone else by any of these platforms without prior approval of the probation officer. The defendant must disclose any username or identification(s) or password(s) for all electronic accounts.**

**You must not communicate, or otherwise interact, with Tara Amanda Thompson, either directly or through someone else.**

**The defendant must abide by any custody agreement filed in the 309th District Court located in Harris County, Texas.**

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____